# Serena Jones *v.* The State of Alabama.

### *Indictment for Bigamy, or Polygamy.*

1. *Bigamy, or "polygamy"; who are guilty of.*—Any person having a former husband or wife, who marries again in this State, unless by the decree of a court of competent jurisdiction, such person has been divorced from the former husband or wife, and permitted to marry again, or, the former husband or wife has been continuously absent for five years immediately preceding the second marriage, and such person did not know the former husband or wife to be living, is guilty of the crime of bigamy, or polygamy, under the law of this State.

2. *Rumor or belief, that former husband or wife dead; no defense on indictment for polygamy.*—On the trial of such an offense, evidence that at the time of the second marriage, the former husband had been absent for more than a year; that defendant had heard her former husband was dead, and it was currently reported and believed that he was dead, is no defense, and is properly excluded.

3. *Polygamy, what constitutes the criminal intent in.*—In such a case, the only criminal intent, which is of the essence of the offense, is the intent to marry a second time, not knowing the husband, who had been absent only one year, to be dead.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN MOORE.

Serena Jones was indicted for bigamy, or "polygamy," at the Fall term, 1880, of the Circuit Court of Wilcox county. On the trial, it was proven, that in the year 1878, she was lawfully married to Albert Jones, in Wilcox county, and that she lived with him as his wife for about a year, when her husband left her and went to the State of Mississippi, and remained there for more than a year, and then returned to Wilcox county. Meantime, the defendant had married Wil-

[Serena Jones v. The State.]

liam Perkins, in Wilcox county, and was living with him as his wife, when her former husband returned. The defendant proposed to prove, that while Albert Jones was absent, and before her second marriage, it was currently reported and believed in the neighborhood in which they resided, that he was dead; that she had heard nothing from him during that time except that he was dead; that she married Wm. Perkins, after the rumor became current that Albert Jones was dead; and that on the return of the latter, she ceased to live with Wm. Perkins as his wife. The State objected to the introduction of this evidence, the court sustained the objection, and defendant excepted. The defendant was convicted and sentenced to two years hard labor. The action of the court in refusing to admit this evidence is assigned as error.

J. Y. KILPATRICK, for appellant.—The evidence which was offered shows that appellant was not married the second time until her husband had been absent more than a year. She had heard nothing from him during that time, except that he was dead, and this was currently reported and believed. "Bigamy consists in the wilful contracting a second marriage, knowing the former marriage to be subsisting." *Beggs' Case*, 55 Ala. 109. Appellant believed that her first husband was dead, and that her marriage with him was not subsisting, when she was married a second time. Appellant had no criminal intent in contracting the second marriage. This is essential, in every prosecution for crime. *Actus non fecit reum, nisi mens sit rea.* The evidence offered showed that appellant had no criminal intent in contracting the second marriage, and that she did not "wilfully contract it knowing her former marriage to be subsisting," and it was error to exclude it from the jury.

H. C. TOMPKINS, Attorney-General, for the State.—The evidence which was excluded was clearly inadmissible. If the facts which were attempted to be proven, had been much stronger than mere rumor ; if they had been such as to cause the appellant to honestly believe that her first husband was dead, the evidence would not have been admissible in her behalf.—See 1 Wh. Am. Cr. Law, § 83 and § 2633 ; *Commonwealth v. Marsh*, 7 Metc. 472 ; *Reynolds v. United States*, 98 U. S.; Code of 1876, § 4186.

BRICKELL, C. J.—The evidence proposed to be introduced by the appellant was, in our opinion, properly rejected. The statute imposed a penalty upon any person

[Serena Jones v. The State.]

having a former wife or husband, who marries another in this State.—Code of 1876, § 4185. There are exceptions in favor of the person who has procured a decree of divorce from a court of competent jurisdiction, the decree allowing him or her to marry again ; and any person who, at the time of a second marriage, did not know his or her former husband or wife was living, if such husband or wife had been absent for the last five years preceding such marriage. Code of 1876, § 4186. In its words and purposes the statute is plain. The legality of a second marriage can, but in the single instance expressed in the statute, depend upon the ignorance of the party as to the life or death of an absent husband or wife ; and that is, a continuous absence for five years immediately preceding the second marriage. It was not intended, in a matter of so much importance, that parties should act upon mere absence, nor upon any belief of death not superinduced by higher evidence than mere rumor. And though there may be a continuous absence for five years, that of itself will not excuse a second marriage, if it be known to the party that the absent husband or wife is living. There must be the continuous absence connected with a want of knowledge that the absent party is in life. Whoever marries a second time, having a former husband or wife living, absent for a less period than five years, violates the statute, and is subject to punishment. Belief, honestly entertained, founded on mere report or rumor, will not excuse.— *Commonwealth v. Marsh,* 7 Metc. 472 ; *Dotson v. State,* 62 Ala. 141.

But it is strenuously argued that a criminal intent is an element of every crime, and if the appellant honestly believed from the reports which had reached her, that her husband was dead, she could not have had a criminal intent. The statute, however, rendered it criminal for her to marry the second time, unless her husband had been absent for a period of five years, if he be actually living. "Whatever one does voluntarily, he intends of course to do." Every act was done by the appellant, under all the circumstances expressed in the statute, which is declared criminal, and from the act and the circumstances, the criminal intent must be deduced." There was the intent to marry a second time, not knowing the husband to be dead, who had been absent for a period of about one year only, and this is the criminal intent, and the only intent which is of the essence of the offense. In the language of C. J. Shaw, in *Com. v. Marsh, supra,* "the law has deemed it so important to prohibit the crime of polygamy, and found it so difficult to prescribe what shall be sufficient evidence of the death of an absent person to warrant a belief of the fact, and as the same vague evidence might cre-

[Street v. The State.]

ate a belief in one mind and not in another, the law has also deemed it wise to fix a definite period" of five years continued absence, "without knowledge of the contrary to warrant a belief that the absent person is actually dead." The evidence was immaterial and irrelevant, and if it had been admitted, could not have lessened the guilt imputable to the appellant because of a second marriage prohibited by the statute.

Affirmed.