# Parker *v.* The State.

*Indictment for Bigamy.*

1. *Proof of former marriage.*—In a prosecution for bigamy (Code, § 4185), the fact of a former marriage, valid by the laws of the country in which it was contracted, must be proved by competent evidence, and beyond a reasonable doubt; but it may be proved by the admissions or confessions of the defendant, in the absence of any evidence of statutory regulations on the subject, without the production of a record, or the testimony of a person who was present, the sufficiency of such admissions or confessions being a question for the determination of the jury.

2. *Proof that former wife (or husband) was still living.*—The prosecution must prove, also, that the former wife (or husband) was living at the time the second marriage was contracted; but this may be proved by circumstantial evidence, and positive evidence is not indispensable.

3. *Same; presumption as to continuance of life, or of death from absence for five years.*—When the prosecution has proved that the former wife (or husband) was alive at a specified time before the second marriage, a presumption arises in favor of the continuance of life, and it is then incumbent on the defendant to prove death, or a continuous absence for the period prescribed by the statute (Code, § 4186); and if he left his wife in the State in which they were married, her continued residence there is not *absence* within the meaning of the statute.

4. *Sufficiency of indictment.*—An indictment for bigamy must aver that the second marriage was unlawful, and it is not sufficient to aver that the defendant, "having a former wife living, married A. B."

From the Circuit Court of Jefferson.

Tried before the Hon. S. H. Sprott.

The indictment in this case contained but a single count, which charged that the defendant, Abner H. Parker, before

[Parker v. The State,]

the finding of the indictment, "having a former wife living, married one Maggie Earnest, against the peace," &c. There was no demurrer to the indictment, but, after conviction, the defendant moved in arrest of judgment, on account of the insufficiency of the indictment; which motion was overruled. On the trial, as the bill of exceptions shows, the State introduced Geo. S. Earnest as a witness, who was a brother of said Maggie Earnest, and who testified to the marriage of the defendant with the said Maggie Earnest on the 5th of November, 1884. This witness further testified that, in April, 1884, he received letters and telegrams from North Carolina, which led to the defendant's arrest on the charge of bigamy; and he repeated conversations between himself and the defendant, at the time of the arrest, and subsequently thereto, in which the latter admitted his former marriage in North Carolina, but protested that, at the time of his second marriage, he did not know whether his first wife was living or dead, and promised, on condition of his release, to go back to North Carolina and take care of her; and further admitted that, in October, 1884, he had written to her, telling her that he was going to Texas, or Louisiana, and that she must not write to him again at Oxmoor. One King, another witness for the State, testified, in substance, that he had known the defendant in Goldsboro, North Carolina, which place witness left in June, 1883; that there was a woman in that place, "who was known there as the defendant's wife, and who had a daughter, whom witness understood to be defendant's: that defendant had children in Goldsboro, and witness knew his son Stanley," and frequently saw defendant at the house where the woman and her daughter lived; and that when he met the defendant, more than a year afterwards, in Georgia, and later at Oxmoor, Alabama, and made inquiries after his family, defendant said that they were all well.

The court charged the jury, in writing, as follows: (1.) "On a trial for bigamy, proof of the first marriage and its validity may be proved by the defendant's confessions alone." (2.) "Confessions of guilt alone may not be sufficient to convict, but confessions alone are sufficient to prove the first marriage; and if there is other evidence to prove the second marriage, that is to be considered by the jury."

The defendant excepted to each of these charges, and requested the following charges in writing: (1.) "If the jury believe the evidence, they must find for the defendant." (3.) "To make out a case of bigamy, the proof must show that the defendant married Miss Earnest, having at the time another wife living, and confessions alone are not sufficient to show the former marriage; and if the jury do not find from the evidence other facts corroborating such confessions, they must find the

[Parker v. The State,]

defendant not guilty." (4.) "If the jury believe, from the evidence, that the defendant married Miss Earnest in November, 1884, and that at various times, before and since said marriage, he confessed to having a former wife living; they would not be authorized to find the defendant guilty, unless they further find that he actually cohabited with the woman alleged to be his former wife; and cohabitation means a living together by a man and woman as husband and wife." (5.) "Even if the jury believe, from the evidence, that the defendant had a wife living in June, 1883, that does not show that she was living in November, 1884, when the second marriage is alleged to have taken place. It is incumbent on the prosecution to prove that the defendant had another wife living at the very time of the second marriage; and if the State has failed to prove this fact, the jury must find the defendant not guilty." (6.) "If the jury believe, from the evidence, that the defendant had a wife living in October, 1884, that does not show that she was living on the first of November, 1884, when the second marriage is alleged to have taken place; and it is incumbent on the State to show that he had another wife living at the time of the second marriage." (7.) "Having a former wife living at the time of the second marriage, is a necessary ingredient of the offense of bigamy; and the second marriage being admitted, confessions alone of having a former wife living at the time will not authorize a conviction." (9.) "Marriage may be proved by cohabitation and reputation; but there must be sufficient proof to establish to the satisfaction of the jury, beyond a reasonable doubt, actual cohabitation—that is, living together as man and wife." (10.) "Evidence which might satisfy the jury that the defendant had a wife living in June, 1883, is not proof that he had a wife living when he married Miss Earnest in November, 1884, but is a circumstance to be considered by the jury; and the fact that she was shown to have been living in June, 1883, creates no presumption that she was living at the time of the marriage in November, 1884. On the contrary, the law presumes the innocence of the defendant until the contrary is shown; and as between the presumption of the continuation of life of the alleged first wife and the innocence of the defendant, the law would presume the death of the alleged first wife, in order to sustain the presumption of the defendant's innocence." The court refused each of these charges, and the defendant excepted to their refusal.

E. T. TALIAFERRO, for the appellant.—Proof of reputation alone, without cohabitation, is not sufficient.—Wharton's Crim.Ev. §§ 170-71; *Westfield v. Warren,* 3 Halst. 349; *Wood v. The State,* 62 Geo. 406; 58 Illinois, 58; *Langtry v. State,* 30

4

[Parker v. The State.]

Ala. 536 ; *Williams v. State*, 54 Ala. 136 ; *Brown v. The State*, 52 Ala. 338 ; 9 Paige, 614.    Confessions, without proof *aliunde* of marriage, are not sufficient.—Wharton's Crim. Ev. § 172. When the presumption of life conflicts with that of innocence, the latter will prevail.—U. S. Digest, 1st series, vol. 5, 503 ; *Sharp v. Johnson*, 22 Ark. 79 ; *West v. State*, 1 Wisc. 209 : *Cameron v. The State*, 14 Ala. 550 ; 1 Greenl. Ev. § 35 ; *Wilkie v. Collins*, 48 Miss. 511 ; 4 N. Y. 237 ; 3 Stark. Ev. 895.

T. N. McCLELLAN, Attorney-General, for the State.—(1.) The exception to the charges given was general, and can not prevail if any of them is correct.—*Chatteaux v. State*, 52 Ala. 388 ; *Oden v. State*, 52 Ala. 401 ; *Stovall v. Fowler*, 72 Ala. 77 ; *Farley v. State*, 72 Ala. 170.    (2.)    The charges asked, as to the sufficiency of confessions alone to prove the former marriage, were properly refused, because abstract, since there was other evidence in addition to the confessions.    That confessions alone are sufficient, especially when the first marriage occurred in another State, see *Williams v. State*, 54 Ala. 131, and authorities there cited ; 48 Amer. Dec. 115, NOTE.    (3.)    Proof of marriage alone, without cohabitation, was sufficient.—*Beggs v. State* 55 Ala. 108.    (4.)    A presumption is evidence only —nothing more nor less.    In criminal cases, the presumption of innocence does not prevail against the presumption of malice arising from the use of a deadly weapon, nor against the presumption that a man intends the natural consequences of his acts.—*Dotson v. State*, 62 Ala. 141 ; *Jones v. State*, 68 Ala. 85. Nor can it overcome the presumption as to the continuance of life, especially on the facts proved in this case.—*Cameron v. State*, 14 Ala. 550 ; 2 Ad. & El. 540.

CLOPTON, J.—When marriage constitutes an essential ingredient of a criminal offense, a marriage in fact, valid according to the laws of the country where contracted, must be proved by competent evidence, beyond reasonable doubt.    In respect to the competency of the confessions of the defendant, as evidence of the first marriage, in a prosecution for bigamy, the authorities both in England and this country have differed. The weight of authority is in support of the proposition, that, in the absence of local laws prescribing formalities and ceremonies to validate a marriage, the first marriage may be proved by the admissions of the accused.—*Miles v. U. States*, 103 U. S. 304. A review of the authorities will not serve any useful purpose, as the rule that such confessions, when voluntary and properly identified, are admissible in evidence, on the same principle, and in like manner as other confessions, may be regarded as settled. in this State.    In *Langtrey v. State*, 30 Ala. 536, it was held,

[Parker v. The State.]

that in prosecutions for bigamy, marriage may be proved by cohabitation and the confessions of the party ; and if the proof be full and satisfactory, it is not necessary to produce either the record of the marriage, or the testimony of a person who was present. And in *Williams v. State*, 54 Ala. 131, it was held, that as, by the common law, consent, followed by cohabitation, constitutes a valid marriage, the admission of a marriage in a State where the common law is presumed to exist, is the admission of a fact which may rest in parol only—of which there is not necessarily higher evidence ; that such admissions are competent evidence of a marriage, and that the jury were to determine whether they involved an admission of its validity. Cohabitation and reputation alone may not be sufficient, as cohabitation frequently occurs without marriage, and the relation of husband and wife is sometimes assumed to avoid scandal and social ostracism. The presumption of marriage from cohabitation and reputation is more or less strong according to the accompanying circumstances ; but confessions of marriage may be supplemented and strengthened by proof of cohabitation and reputation. The admissions of the defendant, of a first marriage in North Carolina, were admissible in evidence, there being no proof of any statutory regulations. No question is raised as to the voluntary character of the confessions ; and the sufficiency of the confessions, and former admissions, to establish the fact and validity of the first marriage, was for the determination of the jury. If sufficient to satisfy them beyond a reasonable doubt, no other evidence is necessary.— *Williams v. State, supra.*

2. Proof that the first wife was living at the time of the second marriage is essential to conviction. Direct and positive evidence is not indispensable. The fact may be shown by circumstantial evidence. By the common law, the continuation of life, ordinarily, is presumed until death be shown. An exception, borrowed originally from the statutes in relation to bigamy, is the presumption of death after an absence of seven years, without having been heard from. By our statute, any person who did not know, at the time of the second marriage, that his or her former wife or husband was living, and whose former wife or husband had remained absent from him or her for the last five years preceding such second marriage, may lawfully marry a second time.—Code, § 4186. To constitute the statutory exception an available defense, continuous absence for the last preceding five years, and ignorance of the life or death of the former husband or wife, must concur. When the prosecution proves that the former husband or wife was alive at a specified period before the second marriage, it is incumbent on the defendant to show either death, or a continuous absence for

the period prescribed by the statute.    Says Mr. Wharton : " A party who marries within the time limited by the statute does so, so far as this exception is concerned, at his own risk. . . . ·Hence, on an indictment for bigamy, the death of the husband, if claimed to have occurred within seven years from his absence, must be proved as any other fact, aside from the legal presumption created by the exception to the statute."—2 Whar. Crim. Law, §§ 1704, 1705.    And in *Jones v. State*, 67 Ala. 84, BRICK-ELL, C. J., construing our own statute, says : " Whoever marries a second time, having a former husband or wife living, absent for a less period than five years, violates the statute, and is subject to punishment."

It is not meant there are no cases, in which death will be presumed from unexplained absence for a less period than five years.    Questions of conflicting presumptions may arise ; and the accompanying circumstances as to age, or health, or condition may be such, that the presumption of innocence will overcome the presumption of the continuance of life.    A consideration of the circumstances, under which the one presumption will countervail, or overcome the other, is unnecessary, as no question of conflicting presumptions arises on the record. Absence, from which death is presumed, is absence abroad ; absence from the former place of abode, where nothing has been heard of the absent person by those who would naturally have heard of him, if alive.    If the defendant left his wife in North Carolina, where they formerly resided, and absented himself from that State, the presumption of her death can not arise by reason of his absence, or of his having heard nothing from her.    To create such presumption, it is necessary to prove *her* absence abroad, without being heard from, during the statutory period, or under such circumstances as will authorize the presumption of death within a shorter period.    There was no evidence that the wife had been absent abroad for any length of time ; and the confessions of defendant tended to show he had corresponded with her, to a short time before the second marriage—not exceeding a month.    In such case, the wife being shown to be alive at a specified period before the second marriage, life is presumed to continue, and death, if claimed, must be proved as any other fact.    A husband can not create absence by abandoning his family, and then invoke the presumption of innocence to destroy the presumptive proof of continuing life. On such facts, there can be no inference of death, available as a defense ; and the presumption of innocence only avails as in other criminal cases—that each essential ingredient of the offense must be proved beyond a reasonable doubt.

The charges numbered five, six and ten, requested by the defendant, were properly refused.    They were tantamount to

[Williams v. The State.]

instructions, that positive evidence that the former wife was living at the time of the second marriage is necessary, and that the jury could not find such fact from proof that she was alive a short time prior thereto. The other charges requested assert propositions in conflict with the principles of this opinion. There is no error in the charges given at the request of the prosecution.

4. We are compelled, however, to reverse the judgment, because of a defect in the indictment. Both at common law, and under the Code, it is necessary to aver that the second marriage was unlawful. A person may lawfully marry a second time, having a former husband or wife living, if within the exceptions provided by section 4186. While it is not required of the prosecution to prove that the defendant is not included within either of the exceptions, it is necessary to negative the fact by an averment that he unlawfully married the second time. Otherwise an offense is not necessarily charged.

Reversed and remanded.