THE STATE vs. CONE.

*November 13 — November 28, 1893.*

*Marriage: Person under age of consent: Bigamy.*

The marriage of a person who, for want of age, is incapable of assenting thereto is not void in this state, but under sec. 2350, R. S., is voidable only by judicial decree.

REPORTED from the Circuit Court for *Racine* County.

Prosecution for bigamy. The defendant, without the consent of his parents, married one Edith S., October 31, 1885, being then fifteen years and two months old. They cohabited together until April, 1886, when they voluntarily separated and have not since lived together. On the 19th day of September, 1891, the defendant married one Sarah

The State vs. Cone.

C., the said Edith being still alive, and no decree of divorce or annulment of the first marriage having been obtained. Upon these facts the defendant was found guilty of bigamy, and upon motion in arrest of judgment the circuit judge certified the above facts to this court, and submits the question, "Can the defendant be legally convicted of bigamy under the above facts?"

For the plaintiff the cause was submitted on the brief of the *Attorney General* and *J. M. Clancey*, Assistant Attorney General.

For the defendant there was a brief by *Hand & Flett*, and oral argument by *E. O. Hand.* They contended, *inter alia*, that at common law marriages between parties when either is under the age of consent may be disaffirmed by the party under such age without a judicial sentence. 1 Bishop, Mar. & Div. secs. 149, 150, 153; Schouler, Dom. Rel. 32; *People v. Slack*, 15 Mich. 193; *People v. Bennett*, 39 id. 208; *Shafher v. State*, 20 Ohio, 1; *McDowell v. Sapp*, 39 Ohio St. 558; *Holtz v. Dick*, 42 id. 23; *McDeed v. McDeed*, 67 Ill. 546. The rule of the common law has not been changed by statute in this state. It could not be repealed by implication, but the intent to repeal it must be clearly expressed. The common law furnishes no method of obtaining a judicial sentence for annulling such a marriage (*Shafher v. State*, 20 Ohio, 7), and secs. 2350–2354, R. S., were passed to provide for such a decree, but not for the purpose of abrogating the common-law rule. *People v. Slack*, 15 Mich. 193. A judicial sentence of nullity is not necessary in case of a void marriage to authorize a person capable of marrying to enter into a second valid marriage. *Patterson v. Gaines*, 6 How. 550; *Gaines v. Relf*, 12 id. 472.

WINSLOW, J. The question is, Was the first marriage void or voidable only? If void, then there was no bigamy; if

The State vs. Cone.

voidable only by the decree of a court of competent juris-diction, then there was a marriage subsisting until such decree was rendered, albeit an imperfect one.   Speaking of such a marriage, it was said by this court in the case of *Eliot v. Eliot*, 77 Wis. 634: " This marriage is not an abso-lute nullity.   It is only annulled from such time as shall be fixed by the judgment of the court. R. S. sec. 2350.[1]  That time may, and in many contingencies should, be fixed at a later date than that of the marriage.   During the time in-tervening the marriage is valid."   This language was used advisedly, and is supported by the great weight of author-ity.   We see no reason for departing from it now.   *Beggs v. State*, 55 Ala. 108, and authorities cited.   The case of *Shafher v. State*, 20 Ohio, 1, is an authority to the contrary, but we do not deem it well supported either in reason or authority.   It follows that the question submitted must be answered in the affirmative.

*By the Court.*— Question answered in the affirmative.

---

[1] R. S. sec. 2350, provides that when either party to a marriage, for want of age or understanding, shall be incapable of assenting thereto, or when the consent of either party shall have been obtained by force or fraud, and there shall have been no subsequent voluntary cohabitation, " the marriage shall be void from such time as shall be fixed by the judg-ment of a court of competent authority declaring the nullity thereof."

— REP.