[Rand v. The State.]

# Rand *v.* The State.

## *Indictment for Bigamy.*

1. *Bigamy; evidence as to belief of former wife being dead inadmissible.*—On a trial under an indictment for bigamy, evidence that before the time of the second marriage the defendant had made inquiries to ascertain whether or not his former wife was dead, and that he had received a letter stating that she was dead, is irrelevant, illegal and properly excluded.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. A. H. CARMICHAEL, Special Judge.

The appellant, Jim Rand, was indicted, tried and convicted of bigamy. On the trial of the case the State proved that the defendant, Jim Rand, married Lulu Houston on January 21, 1898, and without any divorce from this marriage, he subsequently married Julia Weakley on December 21, 1899.

The State introduced Julia Weakley, who testified to her marriage with the defendant. On the cross-examination of the witness she was asked the following question: "State whether or not before you were married to Jim Rand, if he did not state that he had written to the brother of his former wife to find out if she was dead, and if the defendant did not tell you that he received a letter from the brother of Lulu Houston, his former wife, stating that she was dead, and relying on this information you and the defendant married?" The State objected to this question, because it called for illegal, immaterial and irrelevant evidence. The court sustained the objection, and the defendant duly excepted.

Upon the examination of the witness in his own behalf, he was asked to state if before he married Julia Weakley he did not try to find out if Lulu Houston, his former wife, was still living, and if he did not receive a letter from the brother of his former wife stat-

ing that she was dead? The State objected to these several questions upon the ground that they called for immaterial, irrelevant and illegal evidence. The court sustained the objection, and the defendant duly excepted. This was substantially all the evidence introduced in the case. The court, at the request of the solicitor, instructed the jury as follows: "If the jury believe the evidence beyond a reasonable doubt, they must find the defendant guilty." To the giving of this charge the defendant duly excepted.

R. T. SIMPSON, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Parker v. State, 77 Ala. 47.*

SHARPE, J.—Under the principles declared in *Jones v. State,* 67 Ala. 84, and reaffirmed in *Parker v. State,* 77 Ala. 47, it must be held that no error was committed in the exclusion of testimony offered in behalf of defendant.

The evidence if entitled to be believed, proved every act essential to establish the defendant's guilt. Therefore, the giving of the charge requested by the State was not erroneous.

No error appearing in the record, the judgment must be affirmed.