# Garner v. The State.

## Bigamy.

(Decided December 18th, 1913. 64 South. 183.)

1. *Bigamy; Invalidity of Former Marriage; Defense.*—The fact that defendant was under the age of statutory consent at the time of his first marriage, thus making the marriage voidable, is not a defense to a charge of bigamy, unless the first marriage had been judicially annulled; it being immaterial that defendant had renounced the first marriage because of the unchastity of his first wife.

[Garner v. The State.]

2. *Same; Evidence; Marriage License.*—A certified copy of the marriage license issued to defendant was admissible in evidence against him in a prosecution for bigamy.

3. *Same; Defenses.*—It was not competent for the defendant to testify as to whether at the time of his second marriage he knew whether his first wife was living or dead, in a prosecution for bigamy.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Ernest Garner was convicted of bigamy and he appeals. Affirmed.

THOMAS A. CURRY, for appellant. The court erred in refusing to let the defendant show that his first marriage was contracted before the age of statutory consent, and that he disaffirmed it prior to his second marriage.—Sec. 4879, Code 1907; *Beggs v. State,* 55 Ala. 108; *Cooley's Case,* 55 Ala. 162. The defendant should have been permitted to show whether he knew his first wife was living or dead, before he contracted the second marriage.—Sec. 6390, Code 1907.

ROBERT C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the state. The certified copy of the former marriage license was admissible.—*State v. Eldridge,* 126 Ala. 63. The first marriage was merely voidable, and until judicially annulled was binding.—*Beggs v. The State,* 55 Ala. 108; 32 Ark. 565; 86 Wis. 498; 6 Centy. Digest 2125.

PELHAM, J.—While an infant under the age of consent, being at the time between 14 and 15 years of age, the defendant contracted a marriage, which was followed by voluntary cohabitation of the parties to the ceremony in recognition of the marital relation for a short time (not more than a day or two, according to the defendant's testimony on the trial), when he left

her. Subsequently, about five years thereafter, the first marriage not having been annulled by judicial proceedings, the defendant married another woman, and was prosecuted for bigamy for having contracted this second marriage. From the judgment of conviction of bigamy in that prosecution he brings this appeal.

The defendant as a witness in his own behalf testified that he remained with his first wife one or two days after the marriage, during which time they occupied the relation of husband and wife, that he discovered or learned during this time that she was unchaste before her marriage, and that he then left her and had not lived or cohabited with her since that time. The defense then offered to show by the defendant, testifying as a witness in his own behalf, that he had told his first wife at the time he left her that he "was no longer her husband, and that she was no longer his wife"; that *he* had then and there severed the marriage relation and disaffirmed the marriage. The court sustained the objection of the solicitor to the questions seeking to make this proof, and this ruling of the court presents the principal question for review on this appeal.

The contention is made that this testimony was admissible on the authority of the holding in *Beggs v. State*, 55 Ala. 108, where it was remarked by the judge rendering the opinion for the court, as dicta, that either party to the marriage, being under the age of consent at the time, upon arriving at age could disaffirm the marriage, thereby avoiding it, and that the second marriage, contracted subsequent to the disaffirmance, would not be in violation of law. It is plainly stated in the opinion in that case that no question was raised in the trial court as to the affirmance or disaffirmance of the first marriage, and that such a question was not presented on the appeal. It was decided in that case that

[Garner v. The State.]

the marriage entered into by one under the age of consent is not void as to such infant, but voidable only, and until disaffirmed is a marriage in fact, and sufficient to support a prosecution for bigamy in contracting a second marriage. We take it that what is meant by a disaffirmance of the marriage contracted by a person under the age of consent, as used in the *Beggs Case, supra,* has reference to the prior marriage having been duly and regularly disaffirmed by the infant through judicial proceedings of a court of competent jurisdiction annulling it, for, as stated in the text of 26 Cyc. 827, "marriage in the sense of the completed matrimonial engagement is unlike any other contract known to the law, chiefly because it cannot be terminated or dissolved by the parties, but only by the sovereign power of the state. Nor can its mutual rights and obligations be modified by agreement. In truth, whatever contractual elements it may contain, these are important only in its inception; for once entered upon it becomes a relation rather than a contract, and invests each party with a status toward the other and society at large, involving duties and responsibilities which are no longer matter for private regulation, but concern the commonwealth."

The first marriage in this case is shown by the evidence to have been a completed matrimonial engagement, not void, but at most voidable only as to the defendant because at the time of entering into it he was under the age of consent prescribed by statute.—Code, § 4879. Marriage being a civil or social institution intended and calculated to promote the present comfort and future happiness of the human family, and fixing as it does a status between the contracting parties which society in general has the deepest interest in maintaining in its integrity and purity, it could not be

annulled or disaffirmed by the mere ipse dixit of the defendant in renunciation or denial of it, or by his repudiation of the wife at his election for this or any other cause, but the dissolution, annulment, termination, or disaffirmance of the voidable marriage could only be accomplished by the sovereign power of the state, speaking through a duly constituted tribunal having jurisdiction in the premises.—26 Cyc. 899.

It will be seen that it is our opinion that the fact that the defendant at the time of his first marriage was under the statutory age of consent is no defense to a charge of bigamy for contracting a second marriage unless the first marriage had been judicially annuled on that ground (*Walls v. State,* 32 Ark. 565; *State v. Cone,* 86 Wis. 498, 57 N. W. 50), and that the court was not in error in refusing to allow the defendant to testify as a witness in his own behalf that he had renounced or personally undertaken to disaffirm the relations or status created by the first marriage, shown in this case without conflict in the evidence to have been a marriage in due form, followed by voluntary cohabitation of the parties as husband and wife.

The certified copy of the marriage license introduced in evidence was competent evidence and admissible.—*Eldridge v. State,* 126 Ala. 63, 28 South. 580.

There was nothing even remotely tending to show that the defendant had reason to believe that the first wife was dead at the time he contracted the second marriage, or that he had ever made any inquiry in that direction, or received information to that effect. On the contrary, it was shown, without conflict in the evidence, that the first wife had continued to live in the same county in which she resided at the time of her marriage to the defendant during the entire period of time covered between the first and second marriages

[The State v. Dodd.]

of the defendant, and that the second marriage took place in an adjoining county. The court properly refused, against the state's objection, to permit the defendant to answer the question propounded by his counsel, "Did you know at the time you married the second time whether or not your first wife was living or dead?" —*Rand v. State,* 129 Ala. 119, 29 South. 844.

Other objections to the testimony are not of sufficient merit to require discussion. The evidence without conflict proved every essential fact necessary to establish the defendant's guilt, and the court properly gave the charge requested by the state.

No error is shown, and the judgment of conviction is affirmed.

Affirmed.