(78 South. 885)

OWEN v. COFFEY. (8 Div. 76.)

(Supreme Court of Alabama.   May 9, 1918.)

1. MARRIAGE ⟨key⟩54 — PERSONS UNDER AUTHORIZED AGE—EFFECT.

Marriage of a female under the age of 14 years, by Code 1907, § 4879, declared incapable of contracting marriage, is not void, but voidable, at her election, to be declared through the agency of a court of competent jurisdiction.

2. MARRIAGE ⟨key⟩60(1)—ANNULMENT—PERSON UNDER AGE.

Suit to annul a marriage because the female was under 14 years, and so, under Code 1907, § 4879, incapable of contracting it, may be brought while she is still under that age.

3. MARRIAGE ⟨key⟩60(2)—SUIT TO ANNUL—INFANTS—PARTIES.

Though right to sue for annulment of marriage because the female was under the age of consent prescribed by Code 1907, § 4879, is personal, bill, when filed by her while still under that age, may be exhibited in the name of her guardian.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill by Ruth Coffey, by guardian, against J. E. Owen. Decree for complainant, and defendant appeals. Affirmed.

Bouldin & Wimberly, of Scottsboro, for appellant. Milo Moody, of Scottsboro, for appellee.

SAYRE, J. Appellee, by her guardian, filed this bill to annul the marriage between herself and appellant, alleging as ground of nullity that she was at the time under the age of consent—under the age of 14. Code, § 4879. Appellee was at the time of filing her bill still under the age of 14, and the demurrer, overruled in the court below, takes the point that the bill was prematurely filed, and, in any event, that it should have been filed in the name of the appellee (as we have designated her) and without the intervention of the guardian.

[1, 2] The contract of marriage into which the parties had entered was not void, but voidable only (Beggs v. State, 55 Ala. 108), at the election of appellee, to be declared through the agency of a court of competent jurisdiction. Until so disaffirmed, such a marriage is for some purposes a marriage in fact. The second marriage of either party is bigamy. "Marriage in the sense of the completed matrimonial engagement is unlike any other contract known to the law, chiefly because it cannot be terminated or dissolved by the parties, but only by the sovereign power of the state." 26 Cyc. 827. See Garner v. State, 9 Ala. App. 60, 64 South. 183. If appellee had capacity to become a party to such imperfect, inchoate, or voidable marriage, so that a second marriage, pending the first, would be bigamous (Garner v. State, supra), she should be allowed to disaffirm at any time, before it ripened into an absolute marriage, by invoking the authority of the court to that end. No sufficient reason is perceived why the parties should be compelled to remain for any length of time in the unfortunate position in which they have placed themselves, but from which it is the policy of the law that they should be relieved. Eliot v. Eliot, 77 Wis. 634, 46 N. W. 806, 10 L. R. A. 568; Nelson on Div. & Sep. § 728.

[3] While the right to sue for the annulment of a marriage on the ground alleged in this bill is a personal right, and must be exercised by a party to the inchoate marriage, or by the court acting for the infant in its capacity as general guardian, its jurisdiction being properly invoked, the court in consultation has reached the conclusion that a bill of this character, at least when filed for an infant under the age of consent, as is the case here, may be maintained in the name of guardian or next friend. The real party complainant is the infant, for whose interest the court will always have a care, and whose representative will always be subject to the control and direction of the court. The court holds, therefore, that the bill is properly exhibited in the name of complainant's guardian.

It is to be noted that the court considers only those questions specifically raised by the demurrer. Other questions that may be raised in the further progress of the cause, and involving possibly considerations of interstate comity, will not be dealt with in anticipation.

Decree affirmed. All the Justices concur.