# SHIZUE AOKI SAKAKIHARA, BY HER FATHER, BUNZA AOKI *v.* THOMAS T. SAKAKIHARA.

## No. 1325.

### APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT. HON. J. W. THOMPSON, JUDGE.

SUBMITTED JUNE 6, 1921.                    DECIDED JUNE 15, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF EDINGS, J., ABSENT.

EQUITY—*annulment of marriage—jurisdiction.*

Equity has jurisdiction to annul a marriage when the suit is based upon a recognized ground of equity jurisdiction and the inclusion of the same ground as the basis of a statutory action at law will not oust equity of its jurisdiction.

SAME—*same—same.*

Equity has jurisdiction to annul the marriage of one incapable because of infancy of giving consent to the marriage contract.

MARRIAGE—*legal age of marriage—annulment.*

Under our statute a female over fifteen but under eighteen years of age is prohibited from marrying without the consent of the parent, guardian or other person having the care and government of such female and the marriage of such female may be annulled on that ground alone.

PLEADING—*annulment of marriage—custody of minor need not be alleged in suit of father.*

In a suit by a father in the name of his infant daughter to annul her marriage it is unnecessary to allege that she was in his custody at the time of the marriage.

### OPINION OF THE COURT BY KEMP, J.

This is an interlocutory appeal from a decision of the circuit judge at chambers in equity overruling a demurrer to a petition for annulment of the marriage of the petitioner to the respondent. The suit is brought in the name

of the minor wife by her father. It is alleged that she was at the time of her marriage more than fifteen and less than eighteen years of age; that the consent of her parents was not first obtained; that she has not since said marriage or at any time lived and (or) cohabited with respondent, and that she has resided in the Terri-tory of Hawaii for more than two years next before the filing of her suit. The demurrer, which was overruled, raised two questions which are presented by the argument as follows: (1) Has a female over fifteen and under eighteen years of age attained the legal age of marriage under the laws of this Territory, and (2) Must the peti-tion of a father for the annulment of the marriage of his daughter on the ground of non-age show that she was living with her parents at the time of the marriage?

The further question of the jurisdiction of a circuit judge to hear and determine in equity a petition for the annulment of a marriage on the ground that one of the parties had not at the time of the marriage attained the legal age of marriage has also at the request of this court been argued as one of the issues raised by the demurrer. If this question should be decided against the jurisdiction the others need not be considered. It will therefore be considered first.

The jurisdiction of circuit judges at chambers as dis-tinguished from their jurisdiction to hear and determine all matters in equity is set forth in section 2272 R. L. 1915, which provides: "The judges of the several circuit courts shall have power at chambers within their respect-ive jurisdictions, but subject to appeal to the circuit and supreme courts, according to law, as follows: * * * Sec-ond. To hear and determine all matters of divorce, sep-aration and annulment of marriage * * *." Section 2916 R. L. 1915 further provides: "Any circuit judge may, by a decree of nullity, declare void the marriage contract

for any of the following causes, existing at the time of the marriage: * * * (2) That the parties, or either of them, had not attained the legal age of marriage. * * *" And section 2917 R. L. 1915 provides: "A suit to annul a marriage on the ground that one of the parties was under legal age may be brought by the parent or guardian entitled to the custody of such minor. * * * "

It is clear that these statutory provisions confer upon circuit judges at chambers jurisdiction to hear and determine at law such a case as we have here presented but they cannot be regarded as depriving equity of jurisdiction, if it otherwise would have it, merely on the ground that they provide an adequate remedy at law "for it is a general principle often followed by this court that if equity jurisdiction exists in the absence of a statutory remedy at law it is not taken away by the grant of such a remedy. Jurisdiction in equity does not cease and revive from time to time with the enactment and repeal of statutes which confer a remedy at law" (*Dole* v. *Gear*, 14 Haw. 554, 564). "The general rule is that where jurisdiction in equity has become established a statute creating a remedy at law or removing the obstacles at law upon the existence of which the equity jurisdiction was originally founded does not oust equity of that jurisdiction, unless the statute affirmatively discloses the legislative intent to make the legal remedy exclusive" (21 C. J. 45). The statutory provisions relative to the jurisdiction of circuit judges in equity are contained in section 2473 R. L. 1915, which provides: "The several circuit judges may hear and determine in equity all cases hereinafter mentioned when the parties have not a plain, adequate and complete remedy at the common law, that is to say, * * * (enumerating many classes of cases) and shall have full equity jurisdiction according to the usage and practice of courts of equity in all other cases where

there is not a plain, adequate and complete remedy at law." Annulment of marriage is not among the cases enumerated. It is therefore clear that if our courts of equity have jurisdiction of such cases it is by virtue of their authority to hear all other cases (than those enumerated) according to the usage and practice of courts of equity where there is not a plain, adequate and complete remedy at law. In other words, unless the pleading states a case within the general jurisdiction of equity then our courts of equity are without jurisdiction. We therefore inquire whether it falls within the general jurisdiction of a court of equity without statutory authority to entertain a suit for the annulment of marriage on the ground of non-age.

In many of the states the courts of equity, independently of statute but by virtue of their jurisdiction to vacate contracts, have exercised the power to annul a contract of marriage when a recognized equitable ground, such as fraud, duress, mistake or lunacy, is explicitly charged.

In New York the court possessing chancery powers has without statutory authorization assumed jurisdiction to annul a marriage for lunacy (*Wightman* v. *Wightman*, 4 Johns. Ch. 343), and for fraud (*Ferlat* v. *Gojon*, 14 Am. Dec. 554), but has declined for want of jurisdiction to do so for impotency (*Burtis* v. *Burtis*, 14 Am. Dec. 563). In New Jersey the courts of equity without statutory authorization have claimed and exercised jurisdiction to decree a marriage null for want of consent, the ceremony having been performed in jest (*McClurg* v. *Terry*, 21 N. J. Eq. 225), and for duress (*Avakian* v. *Avakian*, 60 Atl. 521), and for fraudulent concealment of pregnancy (*Carris* v. *Carris*, 24 N. J. Eq. 516), and where petitioner at the time of the ceremony was so much intoxicated that he did not comprehend what was taking place

(*Selah* v. *Selah,* 23 N. J. Eq. 185), but have refused to entertain jurisdiction in a case brought on the ground of impotency, that not being in the opinion of the court a recognized equitable ground and there being no statutory provision therefor (*Anonymous,* 24 N. J. Eq. 19). In Vermont it is held that a court of chancery by virtue of its ordinary equity jurisdiction may decree a marriage null and void if the consent of the parties was not voluntarily given (*Clark* v. *Field,* 13 Vt. 460). In Ohio it is held that a court of chancery in the exercise of its ordinary powers will entertain jurisdiction, at the suit of an imbecil's guardian, to decree his marriage a nullity (*Waymire* v. *Jetmore,* 22 Ohio 271). In Alabama it is held that a female under the age of consent as fixed by the statute who enters into a marriage may for that reason alone have it annulled in equity and no statute conferring jurisdiction or making non-age a ground for annulment is mentioned. It is also held without reference to any statute that the bill is properly exhibited in the name of the complainant's guardian (*Owen* v. *Coffey,* 78 So. 885). Cases from many other states could be cited where courts of equity without statutory authority have asserted the right to entertain cases for annulment of the marriage contract when some recognized ground of equitable jurisdiction exists.

*Carris* v. *Carris, supra,* contains an exhaustive discussion of the subject, where it is said: "The effect of lunacy, idiocy, infancy and fraud upon contracts and declaring void the same when so affected are well settled matters of equity jurisdiction and unless there is something so peculiar in the marriage contract as to except it from the scope of such jurisdiction there is no reason why it should not be exercised" (p. 519). And again at page 521: "The jurisdiction sought in this case is to annul for fraud, for fraud in the consent, and is akin to that in

a case of lunacy, idiocy or infancy, for these latter all have to do with the consent."

If the chancellor is correct in his classification of infancy along with lunacy, idiocy and fraud, as a well settled matter of equity jurisdiction our reasoning thus far would lead us to a holding that equity has jurisdiction in this case. It will be noted that the chancellor's reasoning brings infancy into this classification because an infant, like an idiot and a lunatic, is incapable of consenting to the contract, but our court has held in *Puuku* v. *Kaleleku*, 8 Haw. 77, that nonconsent of a party to a marriage is not ground for annulment of the marriage; that the power to annul a marriage is based solely on the statute, is limited by it, and that a decree of annulment must state a statute ground therefor. Had that been a proceeding in equity we would be inclined to consider it controlling but it, like all the older cases of annulment of marriage reaching this court, was a suit before a judge at chambers and styled "in divorce." We readily agree that the judge in such a proceeding is only authorized to decree the annulment of a marriage on a statutory ground and that is all we consider that decision authority for. We have seen that equity has jurisdiction to annul a marriage when the ground on which the suit is based constitutes a recognized ground of equity jurisdiction and that the inclusion of the same ground as the basis of a statutory action at law will not oust equity of its jurisdiction.

Notwithstanding the paucity of authority on the question of whether infancy is a recognized ground for equity jurisdiction reason impels us to hold that the marriage of one incapable of giving consent to the marriage contract, whether by reason of lunacy, idiocy or infancy, must, in order to prevent the evil effect of a marriage by one incapable of giving consent, be held to come

within the jurisdiction of a court of equity to declare it void.

It remains to be determined whether a female over fifteen and under eighteen years of age is incapable of giving her consent to the marriage contract. At common law a female twelve years of age could consent to her own marriage but there is no contention that the common law on that question prevails here. It is at least tacitly conceded that the statute fixes the age at which one may contract a marriage in this Territory, but the parties differ as to which statute controls. The statutory provisions bearing on this subject are as follows: Section 2905 R. L. 1915: "In order to make valid the marriage contract it shall be necessary * * * that the male at the time of contracting the marriage shall be at least eighteen years of age and the female at least fifteen years of age * * *." Section 2906: "When a male under twenty years of age or female under eighteen years of age is to be married the consent of the parent, guardian or other person having the care and government of such party, if within the Territory, shall be first obtained." Section 8: "Whatever is done in contravention of a prohibitory law is void although the nullity be not formally directed." The defendant argues that section 2905 fixes the legal age of marriage of a female at fifteen years and that one over fifteen may legally marry without first obtaining the consent of her parent, guardian or other person having the care and government of her as required by section 2906, which he argues is directory. On the other hand it is contended by plaintiff that section 2906 prohibits the marriage of one under the age mentioned without the proper consent and that this section in connection with section 8 makes a marriage contracted by a female over fifteen but under eighteen years of age, without first securing the consent of her parent, guardian or other

person having the care and government of her, void. It was held in the recent case of *Parke* v. *Parke,* 25 Haw. 397, that the portion of section 2905 requiring a marriage license is prohibitory and *in pari materia* with section 8 and that a marriage could not be consummated without a license. If, therefore, section 2906 is, as plaintiff contends, a prohibitory statute and *in pari materia* with section 8, the effect of section 8 is to render a marriage contracted in contravention of the terms of section 2906 voidable and the same may be annulled in a suit instituted in equity or before a circuit judge at chambers under the provisions of sections 2916 and 2917 R. L. 1915. For an excellent discussion of the effect of a statute declaring such a marriage void see the opinion of Justice Cooley in *People* v. *Slack,* 15 Mich. 192. That the section in question is prohibitory is too clear we think to admit of serious argument. The effect is the same as if the statute declared that no female under eighteen years of age shall marry without first obtaining the consent of her parent, guardian or other person having the care and government of her. If construed to mean less than that the statute becomes entirely without effect upon the right of those included in its terms to marry and might as well not have been enacted. Section 2906 is *in pari materia* with section 8 and section 2905 and they must all be construed together. When so construed it must appear that it was not the intention of the legislature to enable females over fifteen years of age to marry at will but rather to prevent the marriage of one over fifteen but under eighteen years of age unless consummated with the consent of the parent, guardian or other person having her care and government.

The remaining contention that it is necessary to allege that the infant whose marriage is sought to be

annulled was under the control of her parent is without merit. If the statutory provision authorizing the "parent, guardian or other person having the care and government of such party" (Sec. 2917) to bring suit to annul such a marriage is applicable to a proceeding in equity we hold that the words "having the care and government of such party" modify "other person" and do not affect the authority of the parent or guardian to bring the suit. If the statute does not apply to a proceeding in equity we hold nevertheless that the suit is properly brought by the father in the name of his child (*Owen* v. *Coffey, supra*).

Finding no error the order overruling the demurrer is affirmed.

*I. M. Stainback* (*W. H. Beers* with him on the brief) for petitioner.

*Fred Patterson* (*Russell & Patterson* on the brief) for respondent.

*F. M. Brooks amicus curiae.*