31 So.2d 579

**TAYLOR v. TAYLOR et al.**

**3 Div. 476.**

Supreme Court of Alabama.

July 31, 1947.

R. H. Jones and B. E. Jones (guardian ad litem) both of Evergreen, for appellees.

Edwin C. Page, of Evergreen, for appellant.

STAKELY, Justice.

Pamelia Kay Taylor is a girl four months old. She is the child of Robert Elmer Taylor and Jennie Kathleen Taylor. In this proceeding her father, Robert Elmer Taylor, has filed a bill in equity by next friend, seeking annulment of his marriage to Jennie Kathleen Taylor, the mother of the child. Both mother and child were named in the bill as parties respondent. The purpose of the defense of the child, through her guardian ad litem, is to prevent her bastardization in the event annulment of the marriage is decreed. On the mother's cross-bill, the court granted the mother a divorce on the ground of voluntary abandonment. The father brings this appeal.

The facts in the case appear to be undisputed. Robert Elmer Taylor, who is now in the United States Army in Germany, was born June 18, 1929. On September 19, 1945, he voluntarily married Jennie Kathleen Taylor in a ceremonial marriage at the court house in Mobile, Alabama. Prior to their marriage the child was conceived. After the marriage, although her father had made him certain advances in money, including rent on an apartment in Mobile for two weeks in advance, Robert Elmer Taylor left her at the apartment, never returned to her and never cohabited with her after the marriage. The child was born November 17, 1945. It is conceded that Robert Elmer Taylor is the father of the child.

Robert Elmer Taylor was under the age of 17 years when he married Jennie Kathleen Taylor. She was also a minor. It may be added that he was under the age of 17 years when he instituted these proceedings to annul the marriage. He claims annulment as a matter of right under § 4, Title 34, Code of 1940, which provides that "a man under the age of seventeen, and a woman under the age of fourteen years are incapable of contracting marriage." However, the contract of marriage made between Robert Elmer Taylor and Jennie Kathleen Taylor was not void, but voidable only and as such can only be declared void by a court of competent jurisdiction. Owen v. Coffey, 201 Ala. 531, 78 So. 885; Beggs v. The State, 55 Ala. 108, 35 Am.Jur. p. 245. And the fact that there was no cohabitation after marriage does not change this situation. Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443. Accordingly when Pamelia Kay Taylor was born, she was born in lawful wedlock. Johnson v. Johnson, 176 Ala. 449, 58 So. 418, 39 L.R.A.,N.S., 518, Ann.Cas.1915A, 828; 7 Am.Jur. p. 637.

It should be kept clearly in mind that we are not here dealing with a problem which can be solved by the action which courts have taken in divorce cases. Divorce is governed by statute. Annulment grows out of the general powers of an equity court. Henley et al. v. Foster, 220 Ala. 420, 125 So. 662. Should a chancery court in the exercise of its inherent powers to do justice and equity disregard under all circumstances a child of the marriage in an annulment proceeding? Should we invalidate the marriage contract in this case so as to make this child a bastard?

The very fact that the contract of marriage cannot be made void except by court decree shows that we are dealing with a matter of public concern. Garner v. State of Alabama, 9 Ala.App. 60, 64 So. 183. Under § 3, Title 34, Code of 1940, the issue of an incestuous marriage is not deemed illegitimate when born prior to the annulment of the marriage. This statute first appeared as a part of § 1945 in the Code of 1852. The other part of § 1945 in the Code of 1852 now appears as § 326, Title 14, Code of 1940. Section 1945 in the Code of 1852 was taken from the Mississippi Territorial Statute which was in effect when Alabama

was a part of the Mississippi Territory. We quote the pertinent words of that statute dealing with an incestuous marriage as follows: "And the court, on conviction as aforesaid, shall moreover declare such marriage null and void, * * * Provided that nothing herein contained shall be so construed as to render illegitimate the issue of any such marriage, begotten before the same is so annulled." Osoinach v. Watkins, 235 Ala. 564, 180 So. 577, 579, 117 A. L.R. 170.

Section 4, Title 34, Code of 1940, first appeared as § 1944 in the Code of 1852. So we had two statutes in the Code of 1852 standing side by side one dealing with an incestuous marriage and the other dealing with a marriage of parties under the age of consent. Now why were the children of an incestuous marriage saved by the statute from illegitimacy on annulment of the marriage and no mention made of the children born of a marriage where the parties are under the age of consent? We ask this question in the light of Beggs v. State, supra, where Judge Brickell says, "The incestuous marriage contravenes the voice of nature, degrades the family, offends decency and morals" while "a marriage within the age of consent may be indiscreet, may disturb the peace of families, and may subject youth and inexperience to the arts of the cunning and unscrupulous; but it is wanting in the vicious and corrupting properties of the incestuous connection." We think the answer is that the children born of the latter marriage do not need to be protected by the statute because such a marriage is voidable, while the children born of the incestuous marriage need statutory protection because the incestuous marriage is void ab initio. As was said in Beggs v. The State, supra, "Incestuous marriages are prohibited—are void ab initio." But where the marriage is merely voidable, "it is a marriage in fact, until avoided, and a second marriage, while it remains a marriage in fact is criminal."

■ So far as we are aware this is the first time in this state when the child has been made a party to the proceeding where annulment is sought. This child has much of value that is at stake in this proceeding,

its status of legitimacy, which includes the right to its name, the right to inherit from its father and the right to government allotments. Henley et al. v. Foster, supra. The law favors legitimacy. Henley et al. v. Foster, supra. The father voluntarily married the mother to protect the child and to do as he put it "a man's duty about it." We do not think that protection should now be withdrawn.

■■ The father has the right of annulment, but the annulment is effective only from this date. Our decree, therefore, does not bastardize the child who was born in lawful wedlock prior to this date. "In general, the issue of a marriage which is merely voidable are not illegitimate even though the marriage is subsequently annulled." 10 C.J.S., Bastards, § 2(b), page 10.

Henley et al. v. Foster, supra, is not an authority against the position here taken. What is said in that case must not be taken in connection with the question now presented for decision. The bill in that case was filed by a child of a marriage which had been annulled by the decree of a court alleged to be collusive. Whether the effect of its decree bastardized the child was not a contested issue and therefore the case is not to be taken as decisive of that issue. On the matter now before us we prefer to follow modern authority, as cited above, rather than the harsh view of early cases in other jurisdictions.

A decree is here rendered annulling the marriage of Robert Elmer Taylor and Jennie Kathleen Taylor as of this date. The cross-bill of Jennie Kathleen Taylor is dismissed. The costs of this appeal are equally divided between Robert Elmer Taylor and Jennie Kathleen Taylor.

Reversed and rendered.

All the Justices concur, except LAWSON, J., who dissents.

LAWSON, Justice (dissenting).

I am in accord with the opinion of the majority in so far as it holds that the marriage of the parties should be annulled and that the cross-bill of Jennie Kathleen Taylor should be dismissed. However, I am constrained to dissent in so far as the

opinion holds that the "annulment is effective only from this date" and that the decree of annulment does not illegitimize the child.

In the case of Henley et al. v. Foster, 220 Ala. 420, 125 So. 662, 664, Mr. Justice Bouldin, writing for this court, said: "Annulment proceedings differ materially from those for divorce. Divorce with us is statutory. Annulment rests upon general equity powers. Divorce fixes the future marital status; annulment, that of the past and present."

Under the majority opinion in this case the annulment proceeding is in no wise retroactive. It affects not the past, but the future. Such, in my opinion, is diametrically opposed to the holding in the case of Henley et al. v. Foster, supra.

In my opinion the case of Henley et al. v. Foster, supra, clearly shows that the rule in this jurisdiction has been that a decree of annulment illegitimizes children born after the marriage which the decree declares null and void. I think the profession is entitled to know what is the rule of this court on a matter of this kind. The majority opinion makes some reference to the Henley Case and says that it should not apply in this case, but the reasons given as to why it is not applicable are, in my judgment, entirely inadequate. If they do not approve of the rule in the case of Henley et al. v. Foster, supra, they should have overruled it.