## MATTER OF AGOUDEMOS

### In VISA PETITION Proceedings

#### A-15192045

*Decided by Board February 3, 1964*

Under Indiana law petitioner's marriage in that State while under 16 years of age, the age of consent for females, is voidable and not void; therefore, in the absence of action to void the marriage, it is considered valid for immigration purposes and will sustain a visa petition to accord her spouse nonquota status.

The case comes forward on appeal from the order of the District Director, Chicago District, dated December 10, 1963, denying the visa petition for the reason that evidence presented in support of the visa petition indicates that the petitioner was born on February 8, 1948, and married the beneficiary on June 12, 1963; therefore, the petitioner's marriage in Indiana was not legal in that the age of consent for females entering into marriage in that state is sixteen.

The petitioner, a native-born citizen of the United States, seeks nonquota status on behalf of her husband, a native and citizen of Greece, born April 27, 1942. The parties were married at Crown Point, Lake County, Indiana, on June 12, 1963. The visa petition indicates that the petitioner was born on February 8, 1947, at Milwaukee, Wisconsin. However, the file contains the birth certificate of the petitioner showing that she was actually born on February 8, 1948, and her birth certificate was filed on March 6, 1948.

An attempt was made to resolve the discrepancy in the age of the petitioner. The petitioner's mother was interviewed on November 4, 1963, by a Service investigator. She insisted that her daughter was 16 years of age at the time of her marriage and that she accompanied her daughter and was present during her marriage to the beneficiary and gave her consent to the marriage. She would not furnish details of the nature of the consent nor would she furnish any information concerning an alleged subsequent church wedding ceremony in Milwaukee. She indicated that her daughter and her husband, the bene-

ficiary, were then living in Chicago. The petitioner's attorney stated that the beneficiary expected to start work in Chicago on November 11, 1963, but that the petitioner returned from Chicago to reside with her grandmother in Milwaukee. Reference is made to an affidavit of the beneficiary that he became acquainted with his wife about three months before their marriage and that their marriage was consummated.

Upon the basis of the documentary evidence present in the record concerning the birth of the petitioner, it is established that she was born on February 8, 1948, and that at the time of her marriage on June 12, 1963, she was fifteen years and four months old.

The issue in the case is whether the marriage of the petitioner to the beneficiary is a legal one in view of the fact that she was under the age of consent for females before entering such a marriage. The State of Wisconsin, where the parties resided at the time of their marriage, provides in section 245.02 of the Wisconsin Statutes of 1961 that every female person who has attained the full age of marriage shall be capable in law of contracting a marriage if otherwise competent; that if the female is between the ages of 16 and 18, no license shall be issued without the consent of the parents given before the county clerk under oath or certified under the hand of such parents and properly verified by affidavit before a notary public or other official authorized by law to take affidavits, which certificate shall be filed of record in the office of record in the office of said county clerk at the time of the application for said license. Section 245.04 provides if any person residing and intending to continue to reside in Wisconsin, who is disabled or prohibited from contracting a marriage under the laws of that state, goes into another state or country and there contracts a marriage prohibited or declared void under the laws of Wisconsin, such marriage shall be void for all purposes in Wisconsin with the same effect as though it had been entered into in Wisconsin. The Indiana Statutes, section 44–101, provides the same minimum age requirement of 16 years, but provides that if satisfactory proof is furnished to the judge of any circuit, superior or juvenile court that the female is pregnant or that the parties desire to be married to each other and that the parents consent thereto, then the judge may waive the minimum age requirement and by written instrument authorize the clerk of the court to issue the marriage license to the parties if they are otherwise qualified by law. Another provision of the Indiana Statutes, section 44–202, provides that if the female is under the age of eighteen years the marriage license cannot be issued unless the application for the license is accompanied by a verified written consent by the parents and after due consideration and investigation, the judge may direct the clerk

445

to issue a license without requiring the submission of any required consent; that a person applying for a license to marry is required to submit a certified copy of his birth record or other written evidence of the date and place of birth. The penalties for failure of the clerk to observe these requirements are established. Section 44-106 provides that in the cases of voidable marriages, such as where either of the parties to a marriage shall be incapable from want of age, the same may be declared void on application of the capable party but the children of such marriage begotten before the same is annulled shall be legitimate.

The pertinent question in the case is whether this marriage was void or voidable under Wisconsin or Indiana law. It has been held that a marriage entered into by persons below the age of consent and above the age of seven years who are capable of consummating the marriage is voidable and not void; that during the time intervening between such a marriage and a divorce on the ground of nonage the marriage is valid, subject to a condition subsequent, such as a disaffirmance of the marriage.[1] The marriage of a woman when only fifteeen years of age is not an absolute nullity but is valid until annulled by the judgment of a court.[2] In Indiana it has been held that females under 16 years of age cannot contract valid marriages and any female may have such a marriage annulled unless the same is ratified after arriving at the age of 16 years.[3] Section 44-106 of the Indiana Statutes includes in the list of voidable marriages those contracted by persons incapable from want of age. When either of the parties to such a marriage shall be incapable from want of age, the same may be declared void on application of the incapable party in the case of want of age by a court having jurisdiction to decree divorces, but the children of such marriages begotten before the marriage is annulled shall be legitimate.

The law appears to be clear, that both in the State of Wisconsin and in the State of Indiana, the marriage of a person under the age of consent is voidable and not void; that it may be ratified after arriving at the age of 16 years; and that it is valid between the date of the marriage and the date of the divorce decree for nonage, subject to a condition subsequent such as a disaffirmance. As far as the record shows the evidence indicates that the parties have consummated their marriage and there is no indication of any act of disaffirmance. The parties appear to be living together except that they appear to be temporarily separated due to the necessity of the beneficiary in obtain-

[1] *Swenson* v. *Swenson*, 179 Wis. 536 192 N.W. 70; 17 *Op. Atty. Gen. Wis.* 351.

[2] *State* v. *Cone*, 86 Wis. 498, 57 N.W. 50.

[3] *Henneger* v. *Lomas*, 145 Ind. 287, 44 N.E. 462.

ing employment in Chicago during which time the petitioner has returned to Milwaukee.

The fact that the petitioner might be permitted to disavow if she does not ratify it after the age of 16 does not disturb the fact that it is, at present, a valid and bona fide marriage.[4]   Upon the present record the appeal will be sustained.

**ORDER:** It is ordered that the appeal be sustained and that the visa petition be approved for nonquota status.

---

[4] *Cf. Matter of G——,* 9 I. & N. Dec. 89.