## LANGTRY *vs.* THE STATE.

### [INDICTMENT FOR BIGAMY.]

1. *Proof of marriage.*—In prosecutions for bigamy, the first marriage may be proved by cohabitation and the confessions of the prisoner; and such evidence, if full and satisfactory, is sufficient to authorize a conviction, without the production of the record, or the testimony of a witness who was present at the ceremony.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

"THE prisoner was indicted for bigamy, and pleaded not guilty. The second marriage was proved and admitted to have taken place in Mobile county, in May, 1857. The defendant and the woman claiming to be his wife by the first marriage had lived together as man and wife, and claimed each other as such. Several witnesses testified to their living together, and to their recognition of each other as man and wife. No direct evidence of marriage was offered by the State, nor any evidence except the admissions of the parties, except a letter purporting to be written by the prisoner, in which some person was addressed as his wife; but the letter was without any direction, and there was no testimony to prove that it was addressed to the woman claiming to be his wife by the first marriage, except that she had possession of it. It was in evidence, also, that defendant admitted that he was married to the woman claiming to be his wife by the first marriage; but that he had destroyed the evidence, and she had no hold on him. He afterwards said, on the same morning, that he was never married to her. There had been some testimony about the ———— by defendant of something purporting to be a marriage certificate.

"Upon this evidence, the defendant's counsel asked the court to instruct the jury, that they could not find the defendant guilty of bigamy, without direct evidence of

Langtry v. The State.

the first marriage, or what was equivalent to it; also, that they could not find him guilty upon the above evidence. The court refused to give these charges, and the defendant excepted."

A. P. BAGBY, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—The record in this case presents the single question, whether, in a prosecution for bigamy, the first marriage may be proved by cohabitation, and the confessions of the party. In the case of Ford v. Ford, 4 Ala. 142, this court said, "Upon an indictment for bigamy, and in the action for criminal conversation, the fact of the former marriage must be proved by the production of the record of the marriage, or by a witness present at the ceremony."

In Morris v. Miller, 4 Burr. 2057, Lord Mansfield, in delivering the opinion of the court in a case of *crim. con.*, said, "It shall not depend upon the mere reputation of a marriage, which arises from the conduct or declarations of the plaintiff himself." He adds, "In prosecutions for bigamy, a marriage in fact must be proved."

To the same effect are Fenton v. Reed, 4 Johns. 52–3; Commonwealth v. Littlejohn, 15 Mass. 163; People v. Humphrey, 7 Johns. 314; Bishop on Marriage and Divorce, § 324.

On the other hand, the following authorities are directly in point, to show that marriage, even in prosecutions for bigamy, may be proved by cohabitation and the confessions of the party; but that the testimony, to justify a conviction, must be clear, strong and convincing.—See able opinion by C. J. Gibson, in Forney v. Hallachee, 8 Serg. & R. 159; Com. v. Murtagh, 1 Ashm. 272; Ham's case, 11 Maine, 391; Cayford's case, 7 Greenl. 57; The State v. Hilton, 3 Rich. (Law) R. 434; Roscoe's Cr. Ev. (3d Amer. ed.) 311, 312.

The language quoted from Ford v. Ford, *supra,* is *dictum;* no point of the kind arising in the case. So much

of the opinion of Lord Mansfield in Morris v. Miller, *supra*, as relates to crime of bigamy, is also *dictum*. So, also, the case of Fenton v. Reed, *supra*.

While we admit the soundness of the rule which requires full and satisfactory proof of marriage, before a conviction can be had of so grave an offense as bigamy, we are not prepared to re-affirm the *dictum* in the case of Ford v. Ford, *supra*. On the contrary, we hold, that if the proof of marriage be full and satisfactory, it is not absolutely necessary that the prosecution shall produce either the record of the marriage, or the testimony of some person who witnessed the ceremony.—See Morgan v. The State, 11 Ala. 289.

The charge asked in this case, and refused, was in conflict with these views; and the city court did not err in refusing to give it.

Judgment of the city court affirmed.