# Bynon *v.* The State.

*Indictment for Bigamy.*

1. *Marriage; how proof can be made.*—The fact of marriage, like any other fact involved in a judicial inquiry, may not only be proved by direct evidence, but may also be proved by circumstances warranting an inference of its existence.

2. *Bigamy; admissibility of evidence tending to show marriage.*—On a trial under an indictment for bigamy, where it was shown that the defendant and the woman alleged to be his wife had lived together under the same roof for more than ten years prior to the second marriage, and had had born to them several children, the facts that during this period the woman and children were known by his name, that the children called him father, and that, described as his wife, the woman joined him in the execution and acknowledgment of a deed conveying lands, and that during a large part of the time the mother of the woman resided with them, are admissible in evidence upon the inquiry of marriage *vel non*.

3. *Same; same; statement of collective facts admissible.*—On a trial under an indictment for bigamy, upon the inquiry as to whether or not there was a marriage between the defendant and the woman with whom he lived prior to the alleged second marriage, it is permissible for a witness, who is shown to have had an acquaintance of several years with the defendant and the woman, to testify that they lived together as man and wife, and that the defendant held the woman out as his wife.

4. *Charge upon the effect of evidence.*—In a criminal trial, where there is no conflict in the evidence, it is not error for the court to charge the jury upon the facts directly, without stating them hypothetically.

Vol. 117.

[Bynon v. The State.]

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant, Evans Bynon, was tried and convicted for bigamy. The material facts of the case and the rulings of the court reviewed on the present appeal are sufficiently stated in the opinion.

The woman Annie, whom the testimony for the State tended to show was the first wife of the defendant, was examined as a witness for the defendant, and testified that she and the defendant had lived together for thirteen years; that no marriage ceremony was ever performed marrying them, and that there had never been any agreement between her and the defendant that they should be husband and wife, or that they should live together as husband and wife.

In the court's oral charge, he instructed the jury, among other things, as follows: "You may look to the fact that the defendant and the woman Annie lived together for thirteen years, that they lived in the same house and under the same roof that long, that a few years ago, when one of their children died, that the defendant and Annie went to the grave of the child together, she leaning on his arm, and that they signed deeds as husband and wife, in deciding what weight you will give to the testimony of the woman Annie." To this part of the court's oral charge the defendant separately excepted, and also excepted to the court's refusal to give the following charge requested by him: "If the jury believe the evidence, they will find the defendant not guilty."

COLEMAN & BANKHEAD, for appellant.—The court erred in admitting evidence which tended to show the fact of marriage. Reputation is not admissible to prove marriage.—*Buchanan v. State*, 55 Ala. 154; *Com. v. Norcross*, 9 Mass. 492; *Wedgewood v. State*, 8 Me. 75; *Kline v. Chase*, 17 Cal. 596; 1 Greenl. on Evidence, § 107.

2. The charge of the court in assuming the truthfulness of certain facts is erroneous.—*Kidd v. State*, 83 Ala. 58; *Griffin v. State*, 90 Ala. 601.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The appeal is taken from a judgment of conviction of bigamy. The second or alleged bigamous marriage was shown to have been ceremonial, in strict conformity to the statutes. The prior marriage, if it existed, was to be deduced from facts and circumstances, from the cohabitation and conduct of the parties. Though there is some diversity of judicial decision upon the question, the better doctrine, and that which prevails in this State, is, that marriage, like any other fact involved in a judicial inquiry, may be proved by circumstances—direct or positive proof of the fact is not necessary.—1 Bishop Marriage & Divorce, § 487 ; 2 What. Ev., §1297 ; 2 Greenl. Ev. §461 ; *Langtry v. State,* 30 Ala. 536 ; *Campbell v. Gullatt,* 43 Ala. 57 ; *Williams v. State,* 54 Ala. 131 ; *Parker v. State,* 77 Ala. 47.

Numerous exceptions were reserved on the trial in the court below to the admission of the evidence, upon the ground of irrelevancy. The undisputed fact was, that the defendant and the woman alleged to be his wife, for more than ten years prior to the second marriage, had lived under the same roof, having born to them eight children. We can not doubt that the fact that during this period, she was known by his name, as were the children ; that the children called him father, or by the synonym Pa ; that described as wife, she joined him in the execution and acknowledgment of a deed and of a mortgage conveying lands ; and that during a large part of the time the mother of the woman resided with them, were facts admissible upon the inquiry of marriage *vel non.*—*State v. Gonce,* 79 Mo. 600. And it is to the admission of evidence of these facts the objection of irrelevancy was taken in the court below.

Nor was it objectionable to permit a witness testifying to an acquaintance of several years with the defendant and the woman, further to testify that they lived together as man and wife, and that the defendant held the woman out as his wife. Neither was, as is argued by counsel, the expression of a conclusion of law, or of fact. If so regarded, there is no matter which involves a combination of facts, that is not liable to be called a conclusion.—*Massey v. Walker,* 10 Ala. 288. It was no more than that which Mr. Wharton terms a "short hand rendering of the facts."—1 Whart. Ev., § 510 ; *Hood v. Disston,* 90 Ala. 379 ; *Cofer v. Scroggins,* 98 Ala. 342.

The general rule is, when a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury; and an instruction assuming its truth, is an invasion of their province and erroneous. Originally, the rule was, that if the facts were clear and undisputed, the court could charge upon them directly without hypothesis.—1 Brick. Dig. 336. This rule was departed from in *Stewart v. Russell,* 38 Ala. 619, and it was held, however free from conflict, however clear and undisputed the evidence may be, it was erroneous for the court to charge upon it directly. The later decisions have not followed the lead of *Stewart v. Russell,* but their tendency is to the restoration of the original rule—to hold that when the evidence is free from conflict and is clear, the court does not err in instructing upon it directly. If the evidence is not conflicting—if it is clear, undisputed—the jury can not disregard it, and it is difficult to conceive of any good reason for requiring the court to submit its credibility to them hypothetically. The very hypothesis would not be without tendency to induce the jury to disregard it; and if they should disregard it, might necessitate the grant of a new trial. There is not a fact referred to by the court in that part of its charge to which an exception was reserved, not fully and clearly proved—not one as to which there was any conflict of evidence—not one which was denied by the defendant in testifying for himself, and we are unwilling to say, the court invaded the province of the jury in charging upon these facts without hypothesis.—*Marx v. Leinkauff,* 93 Ala. 453–64. The want of consistency of the evidence of the woman with these undisputed facts, affected her credibility, as the want of harmony with undisputed facts affects the credibility of any witness.

The locality or *venue* of the offense was fully proved. The evidence does not, as is insisted in support of the general affirmative charge requested by the defendant, leave the fact in doubt or uncertainty—it is not referable to any other county than to the county of Walker in this State.

We find no error in the record, and the judgment must be affirmed.