# Williams *v.* The State.

## *Bigamy.*

1. *Criminal Law; Appeal; Matters Not Apparent of Record.*— Where the statutes of another state and the decisions of the Supreme Court of that state are not proven and admitted in evidence, as required by section 1821, Code 1896, they cannot be considered on appeal.

2. *Bigamy; Trial; Jury Question.*—Whether or not there was a common law marriage in another state between the defendant and one who had formerly been his wife is, under the evidence in this case, a question for the jury.

[Williams v. The State.]

APPEAL from Montgomery City Court. Heard before Hon. W. H. THOMAS.

Robert Williams was convicted of bigamy, and appeals. Reversed and remanded.

L. A. SANDERSON, for appellant.—As to the legality of the first marriage, it is always tested by the laws of the state where such marriage was contracted.—4 A. & E. Ency. of Law, p. 38. The offense is not committed by either party to the second marriage if the first marriage has been declared void or is void, or where a decree of divorce has been granted.—4 A. & E. Ency. of Law, pp. 36-37. The attempt of defendant to re-marry his first wife in Georgia was void under the laws of Georgia, and there was no marriage, and consequently no bigamy here.—65 Ala. 108; Ib. 162. There was not facts sufficient to show a common-law marriage in Alabama.— *Mickle v. The State*, 21 South. 66; *Barefield v. The State*, 35 South. 884.

MASSEY WILSON, Attorney General, for State.—A proper predicate was made for the introduction of defendant's confession which as a matter of law showed a common marriage in Alabama. It then became incumbent upon defendant to disprove the fact of marriage or else the prima facie case became conclusive.—*Moore v. Heineke*, 119 Ala. 627; *Campbell v. Gullatt*, 43 Ala. 57; *Parker v. The State*, 77 Ala. 47.

HARALSON, J.—What the statute laws of Georgia are, on the subject of divorce, and the right of the parties to marry again, and what the decisions of the Supreme Court of that state in construction of said statutes are, were not proved and admitted in evidence, and we are not authorized to consider them.—Code, § 1821; *Forsyth v. Preer*, 62 Ala. 433; *Cubbedge v.*

*Napier,* 62 Ala. 518; *Bush v. Garner,* 73 Ala. 162; *Varner v. Young,* 56 Ala. 260; 3 Mayfield's Dig. 541.

The state introduced in evidence a license duly issued from the court of ordinary of Floyd county, Georgia, on the 27th day of February, 1905, authorizing the marriage of the defendant, William McCullum, and Leila Hardeman, which license, and the solemnization thereof by a minister of the gospel, on the date of the issuance of said license, the defendant admitted to be properly certified.

The state also introduced in evidence, without objection, a marriage license from the probate judge of Montgomery county, Alabama, for the celebration of marriage between the defendant, William R. McCullum, and Ella (Ada) Bell Moore, which license was issued on the 23d day of October, 1905, and contains the certificate of the judge of probate of said county that said parties were married by him on the date of the issuance.

S. S. Belser, who was a deputy sheriff, and witness for the state, testified, that on the day after the defendant was said to have married Ada Bell Moore, he went to Mobile and brought them back to Montgomery, and defendant voluntarily stated to him, that he had once before, married another woman, Leila Hardeman, in Rome in the state of Georgia, and that this other woman had gotten a divorce from him, and that after the divorce proceedings, he had remarried her, and removed immediately thereafter and lived with her in Alabama, as husband and wife, holding themselves out and treating and regarding themselves as husband and wife for nearly a year before, and down to the time of his marriage with Ada Bell Moore, who lived in West End, a part of the city of Montgomery, Ala., and that they, at that time, had been in the state and at West End, about or nearly one year, living with each other as husband

and wife down to the time of his marriage to Ada Bell Moore, and that defendant requested witness to get Leila from West End, Ala., (to come to see him) that he might talk with her of the matter, and arrange it with her. The state here closed.

The defendant introduced in evidence a certified copy of the records of Floyd county superior court, Georgia, a petition for absolute divorce filed therein by said Leila McCullum against defendant, William R. McCullum for causes therein specified; and after proceedings regularly had as in such cases, the court decreed (quoting the language of the decree) "that said marriage be and the same is hereby annulled, and a total divorce granted between the parties with liberty to the plaintiff, Leila McCullum, to marry gain, but without such liberty to defendant, W. R. McCullum."

It is stated in the transcript that "all the copies of the certificates and records and court proceedings were admitted by the state and the defendant to be regularly and properly certified and the sole contention was as to whether or not defendant's confession established in law, or as a matter of law, a common-law marriage in Alabama with Leila McCullum."

"On an issue of marriage vel non, evidence of co-habitation and general, uniform reputation, and of the declarations and conduct of the parties while living together, holding themselves out to the world as man and wife, is admissible, and that these facts raise a prima facie presumption of marriage, which will prevail until overcome by evidence or neutralized by counter presumptions."—*Moore v. Heineke*, 119 Ala. 636, 24 South. 374.

It was also held in that case, that the presumption of an actual former marriage, arising from the fact, of continual cohabitation, etc., is rebutted by the fact of a

subsequent permanent separation, without apparent cause, and the actual marriage, soon after of one of the parties. But it was further said: "Notwithstanding such evidence has been deprived of any aid from the presumption, it is still evidence tending to show, and from which the jury may infer, if it be sufficiently strong and satisfactory, either an actual ceremonial marriage, or an actual consent or agreement to be man and wife, which, when followed by cohabitation may constitute a valid common-law marriage. * * * This court has many times held that in criminal prosecutions for bigamy—an offense of which an actual second marriage is an essential ingredient, and where every legal presumption of the innocence of the accused in contradicting the second marriage is indulged—the first marriage may be proved by evidence of the former cohabitation of the accused with a third person, and of his declarations.—*Langtry v. State,* 30 Ala. 537; *Williams v. State,* 54 Ala. 133, 25 Am. Rep. 665; *Buchaanan v. State,* 55 Ala. 154."

In *Parker v. State,* 77 Ala. 47, 54 Am. Rep. 43, it was held, that the weight of authority is in support of the proposition, that "in the absence of local laws prescribing formalities and ceremonies to validate a marriage, the first marriage may be proved by the admissions of the accused." Citing *Miles v. United States,* 103 U. S. 304, 26 L. Ed. 481.

There are no formalities or ceremonies in this state necessary to establish a marriage, and, in this case, the admissions of the defendant of the first marriage, are clear and uncontroverted.

However, whether, under the evidence in this case, there was a common-law marriage between the defendant and his first wife, after their removal into this state, was a question for the determination of the jury, and

[Brogden v. The State.]

the general charge, therefore, given at the request of the state, was improper. Whether the defendant can be properly convicted on his confession alone,—that he recognized and cohabited with his former wife in this state,—we do not decide.

Reversed and remanded.

TYSON, C. J., and SIMPSON, and DENSON, JJ., concur.