(117 So. 52)

## WOODWARD IRON CO. v. DEAN.
(6 Div. 999.)

Supreme Court of Alabama. April 5, 1928.

Rehearing Denied May 17, 1928.

**1. Master and servant ⚷412—Review by certiorari in compensation case may be aided by bill of exceptions.**

Review by certiorari in workmen's compensation case may be aided or illustrated by bill of exceptions.

**2. Master and servant ⚷412—Court's finding under Compensation Act supported by legal evidence is conclusive on certiorari (Workmen's Compensation Act).**

If there is any legal evidence tending to support finding of court under Workmen's Compensation Act (Code 1923, §§ 7534–7597), such finding is conclusive, and review by certiorari is upon questions of law.

**3. Master and servant ⚷411—Failure to limit decree in workmen's compensation case to date of death or remarriage of petitioner, employee's widow, held not error.**

Failure to limit decree in workmen's compensation case to date of petitioner's death or remarriage *held* not error, since court is always open within time given by decree for payment, to make proper order, to meet subsequently and materially changed conditions affecting right of parties to continuance of compensation allowed to petitioner as widow after her remar-

riage or death or as to minors reaching age limits.

**4. Marriage ⚷48—Qualified witness may state that designated woman and man lived together as man and wife, to establish common-law marriage.**

In proceeding under Workmen's Compensation Act (Code 1923, §§ 7534–7597) by common-law widow, a qualified witness may state that designated man and woman lived together as man and wife, or were so living openly where everybody could see them living together as man and wife, to establish existence of common-law marriage of claimant with deceased employee.

**5. Marriage ⚷13—Notwithstanding statute requiring man applying for marriage license to furnish certificate regarding venereal diseases, there may be common-law marriage (Code 1923, § 1156).**

Notwithstanding Code 1923, § 1156, requiring male persons making application to judge of probate for license to marry shall be examined for venereal disease, and providing that judge shall not issue license to any person who fails to present certificate setting forth that such person is free from venereal diseases, there may be a common-law marriage.

**6. *Mandamus* ⚷4(1)—*Mandamus did not lie to* correct alleged errors of trial court in workmen's compensation case.**

Petition for mandamus to correct alleged errors of trial court in ruling on evidence and in findings in workmen's compensation case must be denied.

**7. Master and servant ⚷411—Decree in workmen's compensation case using name John W. in one place rather than John D. was self-corrective, when reference was made to pleading.**

Decree rendered on petition of Cornelia Walton Dean for compensation to her as common-law wife of John Dean, using in one place name of John Walton rather than John Dean, *held* to be self-corrective when reference was made to pleading.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by Cornelia Walton Dean against the Woodward Iron Company to recover compensation on account of the death of an employee, John Dean. Judgment awarding compensation, and the employer applies for certiorari and mandamus to the circuit court of Jefferson county, Bessemer division. Petition denied; judgment affirmed.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Since February 10, 1919, it has been impossible to contract, in Alabama, a common-law marriage. Same was not shown by petitioner. Acts 1919, p. 169, § 1; Code 1923, § 1156; Peterson v. Widule, 157 Wis. 641, 147 N. W. 966, 52 L. R. A. (N. S.) 788, Ann. Cas. 1916B, 1040; Gould v. Gould, 78 Conn. 242, 61 A. 604, 2 L. R. A. (N. S.) 531; 18 R. C. L. 399; Keezer's Mar. & Div. (2d Ed.) §§ 60, 65, 70, 88, 95, 105, 110, 165; Beggs v. State, 55 Ala. 108; Davidson v. Davidson, 206 Ala. 493, 90 So. 493; Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am. St. Rep. 141; 26 Cyc. 839; Ex parte State, 210 Ala. 9, 97 So. 230. Appellant has the right to a writ of mandamus in this case. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 830; Ex parte Barnes, 84 Ala. 540, 4 So. 769; Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Leigh v. O'Bannon, 69 Ala. 261; Bessemer Eng. Co. v. Smith, 216 Ala. 348, 113 So. 290; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; Ex parte Edwards, 183 Ala. 659, 62 So. 775; 18 R. C. L. 301. Recovery should have been limited to compensation to the date of plaintiff's death or remarriage.

Charlton & Charlton, of Birmingham, for appellee.

A common-law marriage is valid, in absence of a positive statute expressly declaring such void. 18 R. C. L. 397, 404; Meister v. Moore, 97 U. S. 76, 24 L. Ed. 826; Smith v. Smith, 205 Ala. 502, 88 So. 577; Owens v. Coffey, 201 Ala. 531, 78 So. 855; Martin v. State, 19 Ala. App. 251, 96 So. 734. Evidence of qualified witnesses that a woman and man lived together as man and wife is competent. Bynon v. State, 117 Ala. 80, 23 So. 640, 67 Am. St. Rep. 163; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917. Where there is any legal evidence to support the finding of the trial court, such finding is conclusive on review, and will not be disturbed for mere errors in admission of evidence. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649. Mandamus will only lie when the relator has a clear legal right and an imperative duty on the part of the respondent to act is shown. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 269; Minchener v. Carroll, 135 Ala. 409, 33 So. 168. It will not issue to direct what particular judgment an inferior court shall render. Ex parte Seals Piano Co., 190 Ala. 641, 67 So. 240; Ex parte Smith, 168 Ala. 179, 52 So. 895; Ex parte McKissack, 107 Ala. 493, 18 So. 140. The court, in compensation cases, is always open to make such orders as will meet changed conditions. Ex parte Central I. & C. Co., 212 Ala. 367, 102 So. 797.

THOMAS, J. The proceedings before us seek a review of the action of the trial court in allowing compensation, as to a common-law widow under the Workmen's Compensation Act (Code 1923, §§ 7534–7597). It is pre-

sented by way of certiorari with a bill of exceptions, and by petition for mandamus.

The latter pleading is thus adverted to by counsel for petitioner:

"* * * To correct his several rulings on the evidence, as pointed out in the record in this case, and to correct his findings of fact and conclusions on the evidence, and so modify his decree as to conform to the views and opinions of the Supreme Court on the merits of the several questions raised on the record in this case, to the end that justice may be fully administered in this cause, and the rights of the parties fully determined, and for grounds of this motion sets down and assigns the following: * * *

"For that the above-named petitioner is deprived of its legal rights and is subject to suffer irreparable injury and loss, in this cause, in that, it cannot have its legal rights determined and adjudicated on either an appeal or certiorari, and the only method of review and correction of errors, which appear in the record in this case, is by such mandamus."

It may be that in this, and a further reference contained in brief of appellant's counsel, that it is sought and maintained that a federal question is presented. If such be the purpose, we entertain the view that no right under the Federal Constitution has been denied by the proceedings and judgment of the lower court.

The motion to strike the petition contains grounds, among others, that the averments are mere conclusions and no facts stated support the same; that the petition for mandamus is not an alternative to give opportunity for compliance, shows that its purpose was to serve as a review of the action of the trial court, and had for its purpose the directing or controlling judicial action under the statute.

Appellant's counsel further state their view of the right to mandamus, as an exception to the general rule, as follows:

"In view of the fact that the Supreme Court of Alabama holds the law to be that on review of a compensation case on certiorari, rulings on the evidence cannot be and will not be considered, and in further view of the fact that an appeal will not lie to review a decision in a compensation case an injured party to such a suit has the right to have a writ of mandamus issued by the Supreme Court to the trial court to correct his errors, to the end that justice may be administered and that the rights of parties may not be destroyed."

[1, 2] The remedy for compensation dependents, the amount of compensation that may be allowed, duration of payments to classes indicated, the declared right of review, by certiorari, of appellate jurisdictions, are prescriptions of the statute. The latter procedure may be aided or illustrated by a bill of exceptions under the act and to its desired end, in the case recognized by this court. Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Iron Co., 211 Ala. 77, 99 So. 97; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753. In Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), supra, is the rule adhered to that "the required statement of law, facts, and conclusions is necessary to make serviceable the review by certiorari which the statute provides." And when there is any legal evidence to support the findings of fact by the trial court, the same is conclusive and will not be disturbed by the appellate court. Crescent Coal Co. v. Simmons (Ala. Sup.) 116 So. 512;[1] Woodward Iron Co. v. Bradford, 206 Ala. 449, 90 So. 803; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), supra.

That is, if there is any legal evidence tending to support the finding of the court under the Compensation Act, such a finding is conclusive, and the review by certiorari is upon questions of law. Among these is whether there is any legal evidence supporting the findings of fact, and will not be disturbed because of mistakes made by trial courts in passing upon the weight of the evidence. Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Ex parte W. T. Smith Lumber Co., supra; Woodward Iron Co. v. Bradford, supra; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343.

[3] There is no error in failing to limit the decree to the date of petitioner's death or remarriage. The court is always open, within the time given by the decree for payment, to make a proper order to meet subsequently and materially changed conditions affecting the right of the party to a continuance of compensation allowed to petitioner as a widow, after her remarriage or death, or as to minors reaching the age limit. Ex parte Central I. & C. Co., 212 Ala. 367, 102 So. 797; section 7596, Code of 1923.

[4] And adverting to the ruling or admissions in evidence, the testimony illustrating the fact of the existence vel non of a common-law marriage, we will say that a qualified witness may state that a designated woman and man lived together as man and wife, or were so living "openly, where everybody could see them living together," as man and wife. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Williams v. Wilson, 210 Ala. 289, 97 So. 911. This was no more than the statement of a shorthand rendition of fact that these parties were married under the common law by mutual consent or agreement between the parties to be husband and wife, followed by evidence showing cohabitation and living together as husband and wife. Bynon v. State, 117 Ala. 80, 23 So. 640, 67 Am. St. Rep. 163; Fuquay v. State (Ala. Sup.)

[1] Ante, p. 367.

114 So. 903;[1] Herd v. Herd, 194 Ala. 613, 622, 69 So. 885, L. R. A. 1916B, 1243; Tartt v. Negus, 127 Ala. 301, 28 So. 713; Moore v. Heineke, 119 Ala. 627, 636, 637, 24 So. 374; Mickle v. State (Ala. Sup.) 21 So. 66; Williams v. State, 151 Ala. 108, 111, 44 So. 57; Langtry v. State, 30 Ala. 536; L. R. A. 1915E, 53, note.

[5] Thus we are brought to a decision of the question whether after the passage of the Act of 1919, p. 169, § 1, codified as section 1156, Code of 1923, there may be a common-law marriage in this state. The statute requires that male persons "making applications" to the judge of probate "for license to marry" shall be examined as to venereal disease, "and the judge of probate of any county shall not issue a license to marry to any person who fails to present and file with such judge of probate a certificate setting forth that such person is free from venereal diseases so nearly as can be determined by a thorough examination and by the application of recognized clinical and laboratory test of scientific search, when in the discretion of the examining physician such clinical and laboratory tests are necessary." The provided certificate of the examination by a licensed physician should contain the words:

"No marriage shall be entered into in any manner whatsoever without the male party shall have first submitted to said antenuptial examination and have obtained a certificate from such physician of his freedom from said diseases."

This is directory and is not such a positive statutory inhibition having the effect of preventing a marriage of the parties under the common law without such examination by a physician, and his certificate, and rendering the same void and without legal effect and not binding upon the parties to such a marriage. Note the analogy contained in Smith v. Smith, 205 Ala. 502, 88 So. 577; Owen v. Coffey, 201 Ala. 531, 78 So. 885; Raia v. Raia, 214 Ala. 391, 108 So. 11; Beggs v. State, 55 Ala. 108.

[6] Adverting to the petition for mandamus, the subject of the exercise of the extraordinary writ has been often considered by the courts. (1) The writ has not been granted for the purpose merely of a review of the action of trial courts; (2) that the writ has been employed to prevent failure of justice or irreparable injury; (3) where there is a clear legal right in the relator to the thing demanded; and (4) it is the imperative duty of the respondent in the petition to do the required act; and (5) there is "an absence of any other adequate remedy." Ex parte Jackson, 212 Ala. 496, 103 So. 558; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268; Minchener v. Carroll, 135 Ala. 409, 413, 33 So. 168; Ex parte Barnes, 84 Ala. 540, 4 So. 769; Ex parte Haralson & Co., 75 Ala. 543. The petition for mandamus is denied.

[1] Ante, p. 79.

[7] It is insisted that there is manifest error on inspection of the decree, for the fact that the court uses, in one place in the finding of fact the name of John Walton rather than John Dean. The context is sufficient, when referred to the pleading. We shall see that this differentiates the case from Hearn v. U. Cast Iron Pipe & Fdry Co., ante, p. 352, 116 So. 365.

The decree was rendered on the petition of Cornelia *Walton* Dean for compensation to her as the common-law wife of *John Dean;* the court concluded and finds that said husband's death was the proximate result of an accident within the statute, that his average weekly earnings for six months prior to his death were $17.27, etc., and that petitioner was decedent's common-law wife. The decree under the pleading is self-corrective, and to the effect that John Dean's (not Walton's) death was the proximate result of an accident arising out of and in the course of his employment, and petitioner was entitled to compensation allowed her as his common-law wife. When the decree is referred to the pleading, the recital of *Walton* is shown to have been *Dean,* and in such respects the decree is self-corrective. Burgin v. Sugg, 210 Ala. 142, 97 So. 216; Flack v. Andrews, 86 Ala. 395, 5 So. 452; Clinton Min. Co. v. Bradford, 200 Ala. 308, 312, 76 So. 74, and authorities.

The petition for writ of mandamus, etc., is denied; the petition of certiorari is denied; and the judgment of the circuit court is affirmed.

Mandamus denied; petition denied; judgment affirmed.

SAYRE, BOULDIN, and BROWN, JJ., concur.