180 So. 297

### CITY OF DECATUR et al. v. MOHNS.

8 Div. 864.

Supreme Court of Alabama.

March 24, 1938.

Rehearing Denied April 21, 1938.

Bradley, Baldwin, All & White, of Birmingham, and S. A. Lynne and Peach & Caddell, all of Decatur, for appellants.

642

Graham & Wingo, of Birmingham, for appellee.

KNIGHT, Justice.

Proceedings for mandamus instituted by F. H. Mohns, appellee here, against the City of Decatur, the mayor and aldermen of said city, the city council· of Decatur, the First National Bank of Birmingham, as the exchange agent of said City of Decatur, Charles F. Zukoski, Jr., as vice president and trust officer of said bank, the Decatur bondholders' committee, an unincorporated association, and the individual members of said association, to require the said-named respondents to accept from petitioner the 24 bonds of said City of Decatur then owned·by the petitioner, and to deliver to petitioner 24 public improvement refunding bonds, series D, of said city, dated August 1, 1936, in the aggregate principal amount of $24,-000, with all coupons attached, in exchange for petitioner's said 24 bonds, and to pay petitioner a certain named sum of money, as provided by an ordinance duly adopted by the governing body of said City of Decatur on July .23, 1936.

It appears from the petition for mandamus, and it is not controverted by the answers of the respondents, that the petitioner was and is the owner of 24 improvement refunding bonds, issued by the City of Decatur, and dated January 1, 1930, the principal of each bond being $1,000; that these bonds have been in default since January 1, 1934; that on July 23, 1936, the City of Decatur adopted an ordinance whereby it authorized the issue of bonds of said city, designated as Series D, not exceeding in principal amount $395,-000, to be known as public improvement refunding bonds, bearing interest at 5 per cent. per annum; that said ordinance "provided that said bonds should be issued only for the purpose of refunding, extending and re-arranging the maturity dates of and be only delivered in exchange for a like principal amount of said City of Decatur 6% City Public Improvement Bonds, dated January 1, 1930." Said ordinance further provided "that every person accepting bonds of Series D in exchange for an outstanding bond of said issue of the City of Decatur 6% Public Improvement Refunding Bonds dated January 1st, 1930, should be paid by said City the sum of $60.00 for each $1,000.00 bond so exchanged in full settlement of all interest which should have accrued' to August 1, 1936, on the outstanding bonds surrendered for the bonds of said Series D."

By section 23 of the ordinance, the First National Bank of Birmingham was appointed as "Exchange Agent" for the

purpose of exchanging the bonds authorized to be issued for the outstanding bonds, and for the purpose of making disbursement of interest as provided in sections 9 and 10 of the ordinance. The new bonds, along with the money necessary to pay the stated amount of interest, were delivered to the said exchange agent, with directions by the city to make the exchange, when and if 60 per cent. "in principal amount of the outstanding bonds proposed to be refunded, shall be presented to it for exchange," etc. The ordinance, in said section, then provided: "No exchange or disbursement shall be made by the Exchange Agent except through the committee now in existence known as the Decatur Bondholder's Committee."

It appears that the petitioner's bonds were of the class and series that were to be refunded under the terms of said ordinance.

It also appears that he duly accepted the city's offer to refund the bonds, and offered his bonds for exchange to the said Decatur bondholders' committee, in all respects as provided in the ordinance. It also appears that this committee would not accept the bonds, and present them to the exchange agent, unless the petitioner would submit to a certain charge made by the committee, in the sum of approximately $600. Petitioner refused to pay, or submit to, the charge, and thereupon offered his bonds for exchange to the exchange agent, but this agent also refused to make the exchange, insisting that the bonds must be presented to him through said committee. The petitioner then presented his bonds to the governing body of the City of Decatur for exchange. This offer was also refused, the said governing body taking the position that this ordinance required the bonds to be presented to the exchange agent through said committee.

It appears from the answer that the Decatur bondholders' committee was a voluntary association of persons who had been instrumental in working up the plan of refunding the indebtedness of the city. They were not employed by either the City of Decatur or by the petitioner. The ordinance made no provision for any charge for the exchange.

In these circumstances, the petitioner filed his petition in the circuit court of Morgan county, praying for the issuance of a writ of mandamus, to require the respondents to issue to him new bonds, in exchange for the bonds then held by him, and to pay him in cash the $60 on each $1,000 of his old bonds.

After a hearing on the petition and answer, and facts set forth in the petition and answer, the court granted the mandamus prayed for, and from this decree the respondents bring this appeal.

Counsel for appellants in brief say that the sole question involved in this case is the right of the petitioner to compel the respondents "to make the aforesaid exchange and disbursement on terms other than those set out in the said invitation."

Counsel for appellee assert that the "sole question involved in this case is the right of the petitioner to compel the respondents to make the aforesaid exchange and disbursement without complying with the wholly unauthorized demand of said Committee that petitioner pay it $600.00, as a condition upon which such exchange may be made."

It is perfectly clear that the ordinance in question made no provision for any charge to be made against the bondholders for the handling of the bonds by the Decatur bondholders' committee, or by the First National Bank of Birmingham, as exchange agent. The ordinance provided in the plainest terms that the bondholders should be given the new bonds in exchange for the old bonds, equal in principal amount—and should also be paid in cash $60 on each $1,000 (principal) of the bonds. The ordinance made no provision for deductions or charges.

The demand or insistence of the Decatur bondholders' committee that they should be paid any amount by the bondholders, for any service that they had rendered, or might render, in presenting the bonds for exchange to the exchange agent, was wholly beyond the provisions of the ordinance. The petition and answer show no such right in the committee. The exaction of the fee or charge for the presentation of petitioner's bond for exchange was illegal or unwarranted, and the fact that some large per cent. of the other bondholders had submitted to, or had paid the charge, could not serve to justify or make legal the demand.

It is no doubt true that the petitioner will reap a benefit from the services of this committee, in the matter of securing the adoption of the ordinance, and the refinancing of the indebtedness, yet this

fact does not furnish any legal justification for the charge attempted to be made against the petitioner, in the matter of the exchange of the bonds. In all such cases, one who would claim a fee for services must point to some specific provision in the ordinance, or law.

The ordinance provided the terms and conditions on which the bonds would be exchanged, and the interest paid, and the bondholders' committee had no power, or right, to add to, or vary, those terms, nor to superimpose any additional burdens upon the bondholders, in the way of fees and charges, not provided for in the ordinance. The only duty imposed upon the bondholders, by the ordinance, was the presentation of the old bonds to the bondholders' committee, and, when this was done, he was entitled, without the payment of a fee or charge, to have the exchange made and the interest paid.

But it is insisted by the respondents that petitioner has other available remedies; and that mandamus, being an extraordinary remedy, lies only when there are no other available remedies.

■ The rule obtaining in this jurisdiction, supported by a long line of decisions, is that to entitle one to the extraordinary writ of mandamus there must exist a clear legal right in the petitioner to the order sought, there must be an imperative duty in the respondent in the petition for mandamus to perform the duty, which he has refused to do, and there must not be any other adequate remedy open to the petitioner, and, lastly, the jurisdiction of this court must be duly invoked by proper petition. State ex rel. Holcombe, Sheriff, v. Stone, County Treasurer, 232 Ala. 16, 166 So. 602; Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180; Woodward Iron Co. v. Dean, 217 Ala. 530, 117 So. 52, 60 A.L.R. 536; Ex parte Wright, 225 Ala. 220, 142 So. 672; Ex parte Jackson, 212 Ala. 496, 103 So. 558.

■ The City of Decatur, being in default on its bonded indebtedness, undertook to refinance its bonded debt, and to that end, with ample authority in the law to do so, passed an appropriate ordinance providing for such refinancing. As to the validity of this ordinance, there is no question here raised. In making provision for this refinancing, the city was in the performance of one of its governmental functions, discharging a duty of the highest and most pressing nature. It was a public duty.

■ The City of Decatur, in order to carry into effect its purpose, as declared in said ordinance, appointed the First National Bank of Birmingham, as an agent of the city to make the exchange, on behalf of the city, of the new bonds provided by, and issued in pursuance of, the ordinance. The said First National Bank of Birmingham, by accepting this appointment, and trust, became an agent of the city, burdened with a legal duty, imposed upon it by the terms of the office. Its duty was to deliver the new bonds in exchange for the old bonds, and to pay the interest money to the bondholders. The duty was wholly ministerial, involving no discretionary powers.

■ Likewise, to facilitate and expedite the exchange of the bonds, the city designated the Decatur bondholders' committee as an agency of the city, through which the bondholders should present their bonds to the exchange agent. In all events this committee was an agency of the city, not of the bondholders. If entitled to remuneration, they had to look solely to the city, not to the bondholders. No such condition or burden was placed by the ordinance upon the latter.

■ So, then, we find the City of Decatur, in the performance of a governmental duty, adopting an ordinance, making provision for the refinancing of its indebtedness, and appointing officers and agencies to carry into effect the ultimate purposes of the ordinance. The ordinance, adopted under the provisions of a state law, and designed for governmental purposes, has all the effect, within the sphere of its operation, of a law.

■ Here we find ministerial officers of the city, appointed by the city and invested with authority to carry into final effect the ordinance, refusing to perform a purely ministerial duty, namely, to make exchange of the bonds and pay the interest to the bondholders, as they were directed to do by the ordinance under which they were appointed.

The petitioner, under the facts in this case, was entitled to the writ of mandamus, requiring the delivery to him of the bonds in question, and the payment to him, also, of $60 on each $1,000 principal, of his bonds. Minchener v. Carroll, Treasurer, etc., 135 Ala. 409, 33 So. 168; State ex rel.

Bibb et al. v. Town of Warrior, 181 Ala. 642, 62 So. 69; 38 Corpus Juris, § 258, p. 689; and 38 Corpus Juris § 259, p. 690.

It appears, however, that the City of Decatur and its governing body' has complied with the terms of said ordinance, and therefore the court improperly awarded mandamus against them. The decree will here be affirmed as to the Decatur bondholders' committee, and the individual members of said committee, and as to the First National Bank of Birmingham, as exchange agent of the City of Decatur, but' reversed and remanded as to all other defendants.

Appellants as to whom this cause is affirmed are taxed with all costs in the court below and all costs accruing in this court on this appeal.

Affirmed, as to First National Bank and the Decatur bondholders' committee, and the individuals composing the committee, but reversed and remanded as to all other appellants.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.